This is an appeal from the grant of summary judgment in favor of the owner, managing agents, and a tenant of a shopping *Page 790 
center who were sued by a business invitee whose car was stolen from the shopping center parking lot.
On September 4, 1982, at approximately 6:00 p.m., George W. Stripling parked his car in the Mountain Brook Shopping Center parking lot adjacent to Mathews Cafeteria, one of the businesses in the shopping center. After locking his car, Stripling and his wife entered the cafeteria to eat dinner. When Stripling returned to the space where he had parked his car, he discovered that his automobile was missing. He immediately called the Mountain Brook Police Department, and an incident report was made. Shortly thereafter, his automobile was discovered within the City of Birmingham. The automobile had been vandalized and stripped.
On November 1, 1982, Stripling filed suit in Jefferson Circuit Court against Robert A. Armbrester, Jackson Realty Co., Real Evans, Charles Mathews d/b/a Mathews Cafeteria,[1] and certain fictitious parties. The complaint alleged that the defendants were aware of other automobile thefts occurring in the Mountain Brook Shopping Center parking lot, that they were negligent in failing to provide appropriate security measures and in failing to inform the public of this dangerous condition, and that their negligence proximately caused the theft of Stripling's car from this parking lot.
The defendants filed an answer denying each allegation of the complaint. In response to interrogatories, the defendants denied having any knowledge of prior automobile thefts from the Mountain Brook Shopping Center parking lot. The defendants stated that their occasional use of off-duty Mountain Brook police officers in the parking lot was for the sole purpose of controlling a problem of limited parking and not for the deterrence of possible criminal activity.
The defendants also filed a motion for summary judgment. Stripling filed a motion in opposition to the summary judgment motion and attached the affidavit of a Mountain Brook police officer who stated that two other auto thefts had occurred in the Mountain Brook Shopping Center parking lot only two months prior to the theft of Stripling's car. The officer also stated that in the past five years there had been several purse snatchings, two robberies, and a kidnapping, all of which had occurred in or around the parking lot. The officer concluded that the close proximity of the parking lot to the entrance ramp of Highway 280 made the lot particularly susceptible to crime.
The court granted summary judgment in favor of all the defendants, and Stripling's appeal to this Court followed.
Our review of the grant of summary judgment in this case is controlled by the recent decision of Latham v. Aronov RealtyCo., 435 So.2d 209 (Ala. 1983).
In Latham, supra, a business invitee who was criminally assaulted in the parking lot of a shopping mall by third parties sued the owners of the mall, the rental agent, and the security service hired to guard the mall, to recover damages for the injuries resulting from his assault.
Latham argued that he had presented evidence "more than sufficient to give rise to a reasonable inference that the defendants knew or should have known about the dangerous condition that existed in an area over which they exercised control, and thus [that] the granting of the directed verdict was error." Latham, supra, 435 So.2d at 213.
In support of this position, Latham contended that the act of hiring security personnel gave rise to an inference that the defendants foresaw the possibility of criminal activity on the part of third persons. He also cited the testimony of the mall manager, who stated that on prior occasions, property was stolen and a mall employee abducted from the mall parking lot. *Page 791 
Latham also argued that the security guard had actual notice of the presence of the unruly crowd in the parking lot on the morning of the incident, yet negligently failed to take any action to reduce the danger, despite having called on prior occasions for police help in dispersing unruly crowds from the parking lot.
This Court held that because Latham failed to introduce any evidence showing that the defendants knew, or had reason to know from past experience (i.e., knew of or had experience with prior criminal activity occurring on the mall premises), that there was a likelihood of conduct on the part of third persons such as the actual assailants which would endanger the invitee Latham, the criminal assault upon Latham in the parking lot was not shown to have been reasonably foreseeable.
In so holding, the Court declined to adopt the provisions of the Restatement (Second) of Torts § 344 (1965), which would place a duty upon a business owner to exercise reasonable care 1) to discover actual acts of physical harm perpetrated upon invitees by third persons or the likelihood of such acts; 2) to warn invitees to enable them to avoid the harm; and 3) to police the premises if the business owner knows or has reason to know from past experience that there is a likelihood of conduct on the part of third persons in general which might endanger the safety of any invitee, even though the owner has no reason to expect that a particular individual will suffer such harm.
Stripling contends that the Latham decision is distinguishable from this case, thereby precluding the grant of summary judgment in favor of the defendants. He argues that the prior criminal activity occurring in and around the Mountain Brook Shopping Center parking lot, the close proximity of the parking lot to the entrance ramp of Highway 280, and the complete absence of security measures in the parking lot created a duty on the part of the defendants to discover this activity, to warn potential invitees, and to eliminate this dangerous condition with appropriate security measures consistent with § 344, Restatement (Second) of Torts (1965).[2]
We disagree.
Under the Latham standard, Stripling must produce evidence showing that the defendants knew, or had reason to know from their knowledge of prior criminal activity occurring in the parking lot, that there was a likelihood of criminal conduct on the part of a third person which would endanger Stripling. Absent such specialized knowledge on the part of the defendants, the mere recital of prior criminal activity occurring in or around the parking lot or the lack of appropriate security measures will not constitute constructive knowledge on the part of the defendants sufficient to satisfy this foreseeability standard. Because Stripling failed to produce evidence showing such specialized knowledge on the part of the defendants, summary judgment was properly entered in their behalf.
The judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] Armbrester was vice-president and secretary-treasurer of Jackson Realty Company, the managing agent of the shopping center. Evans was the president of Southeastern Investment Co., Inc., the owner of the shopping center. Mathews was a tenant of the shopping center.
[2] We note that Stripling's reliance upon § 344, Restatement(Second) of Torts (1965), is misplaced. This provision embraces only physical harm which the invitee suffers at the hands of a third person while on the business owner's premises.