460 So.2d 1244 (1984)
CIE SERVICE CORPORATION
v.
Donna SMITH.
No. 83-470.
Supreme Court of Alabama.
September 14, 1984.
Rehearing Denied December 21, 1984.
*1245 Alton R. Brown, Jr. and Michael S. McGlothren of Brown, Hudgens, Richardson, Whitfield & Gillion, Mobile, for appellant.
C. MacLeod Fuller and Thomas M. Taul III, Mobile, for appellee.
PER CURIAM.
The sole issue in this case is whether a security service, an insured, gave timely notice to its insurer concerning a rape which occurred on premises the security service was guarding.
The facts were not disputed. On October 25, 1980, between the hours of 12:30 a.m. and 2:00 a.m., Donna Smith was assaulted and raped in her apartment in Mobile, Alabama. At that time, Night and Day Security, Inc. (Night and Day), was under contract to provide guard service for the apartment complex where Smith's apartment was located. CIE Service Corporation was the insurance carrier providing liability insurance coverage for Night and Day.
At the time of the attack, the Night and Day security guard on duty was in his car near Smith's apartment. He heard a scream, but did not investigate. The Mobile police department was called to the scene following the attack, and it handled the criminal investigation. The guard was present when the police made their investigation. Night and Day did not notify CIE of the incident at that time.
Almost a year later, on October 13, 1981, Smith filed suit against Night and Day and the owner of the apartment complex. The summons and the complaint were served on Night and Day on December 31, 1981, and, on January 6, 1982, Night and Day notified CIE of the suit. This was the first notice CIE had of the incident. Between January 6, 1982, and January 20, 1982, CIE investigated the matter, and, on January 20, 1982, CIE informed Night and Day that it was denying coverage, specifically setting forth as the basis for the denial Night and Day's failure to comply with the notice provisions of the policy.
On February 7, 1982, Smith made application to the clerk for the entry of a default judgment, and a default judgment was subsequently entered. On February 15, 1982, CIE cancelled the entire policy of insurance with Night and Day. Night and Day filed a motion to set aside the default judgment. Its motion was denied on September 17, 1982, at which time damages were assessed at $50,000 plus costs.
Smith then filed this garnishment action against CIE to recover the amount of the judgment. CIE answered the garnishment as "not indebted," and a hearing was held on November 21, 1983, at which time the trial court entered the following order: "Judgment by Court for the Plaintiff and against the Garnishee for the sum of $50,000.00 and Costs."
*1246 CIE filed a motion for a new trial. That motion was denied on December 19, 1983. On January 20, 1984, the garnishee filed notice of appeal. On February 6, 1984, after the notice of appeal was filed, the trial court entered a written order and findings of fact in the case.
A thorough reading of the evidence and argument produced at the hearing below convinces us that the trial court held for the plaintiff Smith because it believed that Night and Day had complied with a provision of the policy which required that the summons and complaint be forwarded immediately to the insurer.[1] CIE does not claim that its insured failed to comply with this provision, but CIE does contend that Night and Day failed to comply with the following provision of the insurance policy:
"4. Insured's Duties in the Event of Occurrence, Claim or Suit.
(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the insured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."
An "occurrence" is defined by the policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."
Proper notice is a prerequisite to coverage under the policy and this Court has previously addressed the sufficiency of notice, the issue here, where it was stated in the policy as being a condition precedent to coverage under the policy. In Pan American Fire & Cas. Co. v. DeKalb-Cherokee Counties Gas District, 289 Ala. 206, 266 So.2d 763 (1972), we held:
"A requirement in a policy for prompt or immediate notice, or that notice must be given, `immediately,' `at once,' `forthwith,' `as soon as practicable,' or `as soon as possible,' generally means that the notice must be given within a reasonable time under the circumstances of the case. The exact phraseology used apparently makes very little, or any, difference, and it is well settled that none of these expressions require an instantaneous notice, but rather call for notice to be given within reasonable dispatch and within reasonable time in view of all the facts and circumstances of each particular case. In determining the reasonableness of a delay in giving the required notice, the facts and circumstances of each particular case must be considered." (Emphasis added.)
289 Ala. at 214, 266 So.2d at 771. See also, United States Fidelity and Guaranty Co. v. Bonitz Insulation Co., 424 So.2d 569 (Ala.1982); Pinson Truck Equipment Co. v. Gulf American Fire and Casualty Co., 388 So.2d 955 (Ala.1980).
In making this determination, the only factors to be taken into consideration are the length of the delay and the reasons therefor. United States Fidelity, supra, at 572. The question whether the delay is reasonable is a question of fact. The issue before us, therefore, is whether, under these uncontroverted facts, Night and Day complied with the provision of the policy, when its first notice to CIE of the incident was given over a year after it occurred, but within a few days after suit was filed.
It is clear that Night and Day was aware of the assault and rape of Smith and did not notify CIE of the occurrence until it was served with the complaint filed by Smith. Night and Day claimed that it did not notify CIE of the occurrence because of its belief that the occurrence would not give rise to a claim against it. In view of all the facts and circumstances of this case, we hold that Night and Day's delay in giving notice was reasonable. Even though Night and Day had been employed to provide security at the apartment complex, *1247 and the assault and rape occurred there, the crucial question is whether Night and Day's delay in giving notice of the assault and rape was excusable.
In Pan American Fire & Cas. Co. v. DeKalb-Cherokee Counties Gas Dist., 289 Ala. 206, 266 So.2d 763 (1972), this Court held that "delay [in giving notice] is excusable in the case of an accident [occurrence]... which furnishes no ground for insured, acting as a reasonable and prudent man, to believe at the time that a claim for damages will arise or that the injury is one insured against." 289 Ala. at 214, 266 So.2d at 771, quoting 45 C.J.S. Insurance § 1056. This Court has held that the test is not a subjective one measured merely by the good faith of the insured, but an objective one. In view of the requirement of objectivity, we must decide whether the intentional criminal act was something Night and Day, as a matter of law, could have expected or anticipated would form the basis of a lawsuit against it. This we cannot do; therefore, we uphold the finding of the trial court that Night and Day complied with the provisions of the policy.
We believe some recent cases of this Court which involve suits by victims of crime against providers of security are instructive. In Latham v. Aronov Realty Co., 435 So.2d 209 (Ala.1983), an employee of a shopping mall sued the owners of the mall, the rental agent, and the security service hired to guard the mall, for injuries he sustained when other persons assaulted him in the parking lot. In Latham, this Court held that the criminal assault upon the plaintiff under the facts of that case was not reasonably foreseeable, and thus that there was no liability to the plaintiff for the unlawful acts of the third parties who assaulted the plaintiff. In Latham, the plaintiff contended that "the act of hiring security personnel itself gave rise to an inference that the defendants [which included the security service] foresaw the possibility of activity on the part of third persons." In Latham, this Court asked the specific question, which we believe must be answered here: "Was the criminal conduct foreseeable"? Under the facts of that case, this Court held it was not. Similarly, in City of Mobile v. Largay, 346 So.2d 393 (Ala.1977), this Court held that the use of an unlocked cellar for perpetration of a rape was not a reasonably foreseeable consequence of the city's failure to maintain the building.
These two cases are illustrative of the fact that it is difficult to impose liability on one person for an intentional criminal act committed by a third person. Of course, we do not hold that an insured, in a case involving an intentional criminal act committed by a third person, is automatically excused from giving notice to the insurer until a suit is filed. For example, if the victim of the crime here had told the security service that she was considering filing a claim against it, or if the security service knew that a lawsuit was being contemplated, then, under those circumstances, it might have been unreasonable for the insured to await the filing of the suit to notify its carrier. Because there is disagreement on this Court in this case, we emphasize once again that the law states that notice must be given within a reasonable time in view of all the facts and circumstances of each particular case. The question to be asked is: Did the intentional criminal act by a third person furnish a ground for the insured, acting as a reasonable and prudent man would act, to believe at the time, that a claim for damages would arise or that the occurrence, with any subsequent imposition of liability, was one insured against?
Under the facts of this case, we hold that the trial judge did not err in finding that the insured gave reasonable notice to its insurer. His judgment, therefore, is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.
JONES, SHORES and BEATTY, JJ., dissent.
SHORES, Justice (dissenting):
I cannot agree that the notice provision of the policy was complied with under these facts, and I would reverse. It is undisputed *1248 that Night and Day was aware of the assault and rape of Mrs. Smith and did not notify CIE of the incident until almost fourteen months later, following service on it of a complaint filed by Smith. The only reason given for the failure of Night and Day to notify CIE is its belief that no claim would be filed against it. This is not a reasonable position. Night and Day had been employed to provide security at the apartment complex, and it was a breach of security which resulted in the assault on Mrs. Smith, a tenant in the complex. It was an occurrence as defined in the policy and the very activity which Night and Day insured against.
I agree with CIE that the serious nature of the incident, the presence of the guard during the police investigation, and the failure of the guard to investigate the scream should have alerted Night and Day to the possibility of an action against it for failure to provide the security contracted for. Therefore, Night and Day should have informed the liability carrier of the occurrence, in keeping with the policy provisions. Because it did not, CIE was justified in denying coverage.
I would not hold, as a matter of law, that all incidents which may be insured against must be reported to the insurer to avoid violating the provisions of the policy. But where, as here, the very activity being performed and that to which the insurance related, i.e., providing security to the apartment complex, was breached, and the incident arose directly out of that activity, it is unreasonable to assume that no claim would be likely. Assume, for example, that a security service was sought at a bank. Surely it would be expected that a security guard witnessing a bank robbery would report it to his insurance company if he had a liability policy insuring him against negligence in the performance of those duties. The same reasoning applies in the case here.
It is also argued that since CIE was immediately notified when the suit was filed, in compliance with Section 4(b) of the policy "conditions," it cannot complain of failure to notify under Section 4(a). Section 4(b) reads:
"(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
These are two separate requirements under the policy. Section 4(a), set out in the majority opinion, requires that notice be given at the time of the occurrence so that the insurance company may investigate the incident while it is fresh. Section 4(b) requires notice so that the insurer may have time to prepare for the defense of the suit. These two sections serve two different purposes and are not interchangeable.
Because, in my judgment, the trial court misapplied the applicable law to undisputed facts, I would reverse and remand.
JONES and BEATTY, JJ., concur.
NOTES
[1] The provision of the policy states:

"(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."