This is an appeal from a summary judgment entered against Renee Ortell and in favor of Spencer Companies, Inc. We affirm.
On March 24, 1983, at approximately 7:15 A.M., Renee Ortell entered the Happy Times Convenience Store on Jefferson Avenue Southwest in Birmingham, to purchase a pack of cigarettes. Inside the store, a robbery was in progress. A young male, armed with a pistol, took her wallet and forced her into the restroom, where he had earlier led the female manager of the store. Subsequently, the robber returned to the restroom and forced Ortell to perform deviant sex acts.
Ortell filed suit against Happy Times' owner, the Spencer Companies, alleging negligence and wantonness in its failure to maintain any safety security measures for the protection of business invitees from foreseeable criminal activity. The trial court granted defendant's motion for summary judgment. Ortell appeals.
The inquiry necessary for our resolution is whether, under the facts of this case, Spencer Companies was under a duty to protect Ortell from criminal attack.
This Court has recognized that a duty may be imposed on a storeowner to take reasonable precautions to protect invitees from criminal attack in the exceptional case where the storeowner possessed actual or constructive knowledge that criminal activity which could endanger an invitee was a probability. Henley v. Pizitz Realty Co., 456 So.2d 272, 277
(Ala. 1984). Nevertheless, we have found that "it is difficult to impose liability on one person for an intentional criminal act committed by a third person." CIE Service Corp. v. Smith,460 So.2d 1244, 1247 (Ala. 1984). This Court has not yet decided a case whose facts command the imposition of such a duty. See, e.g., Henley, supra; Stripling v. Armbrester,451 So.2d 789 (Ala. 1984); Latham v. Aronov Realty Co.,435 So.2d 209 (Ala. 1983); Berdeaux v. City National Bank of Birmingham,424 So.2d 594 (Ala. 1982); Parham v. Taylor, 402 So.2d 884
(Ala. 1981); City of Mobile v. Largay, 346 So.2d 393 (Ala. 1977). *Page 300 
The plaintiff submitted evidence that the Birmingham police records for the years 1981-1983 show that the following instances occurred in the two-block area surrounding this store:
1. (33) Burglary
2. (34) Larceny (excluding vehicles);
3. (8) Malicious mischief;
4. (3) Robbery — Person;
5. (5) Robbery — Business;
6. (5) Aggravated assault.
Also, the Birmingham police records establish the criminal activity on the premises for the same period as follows:
1. (1) Assault with a weapon;
2. (1) Theft;
3. (5) Robbery of this business;
4. (1) Burglary;
The occurrences of this three-year period established by the plaintiff did not alone impose a duty upon this defendant to protect this plaintiff from the crime for which she suffered at the hands of the third-party criminal.
After a careful review of all the evidence presented in this case, we find no evidence to support the theory that Spencer Companies had knowledge that criminal activity of the same nature that harmed Ortell was a probability. Because Ortell failed to produce evidence establishing actual or constructive knowledge on the part of the defendant, summary judgment was properly entered in its behalf.
The judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.