Plaintiff, Edie Law, appeals from a summary judgment entered in the Jefferson County Circuit Court against her and in favor of defendant, Omelette Shop, Inc. We affirm.
At 2:00 o'clock on the morning of September 25, 1984, Edie Law went to the Omelette Shop on Tenth Avenue North in Birmingham, Alabama. After having eaten in the restaurant, she exited through the front door. While she was standing in front of the Omelette Shop, a man grabbed her, and after a brief struggle, the man pushed her to the ground and fled with her purse.
As a result of the incident, Law filed suit against the Omelette Shop on November 13, 1984. In her complaint, Law alleged that the Omelette Shop knew of the probability of injury to business invitees because of the criminal conduct of third parties and failed to take sufficient preventive measures, and that as a proximate consequence of its negligence or wantonness, she suffered personal injury. Omelette Shop filed a motion for summary judgment on December 11, 1984, which the trial court granted on February 28, 1985. Law subsequently appealed.
The sole issue for our review is whether, under the facts of this case, Omelette Shop was under a duty to provide protection for Law from the criminal conduct of a third party.
This Court dealt with a similar fact situation and issue in the case of Ortell v. Spencer Companies, 477 So.2d 299 (Ala. 1985). We upheld a summary judgment entered in favor of the defendant business. In Ortell, a woman who had stopped by a convenience store to purchase cigarettes was robbed and assaulted. Discussing the liability of a business for injuries to its invitees as a result of the criminal conduct of a third person, we stated:
 This Court has recognized that a duty may be imposed on a storeowner to take reasonable precautions to protect invitees from criminal attack in the exceptional case where the storeowner possessed actual or constructive knowledge that criminal activity which could endanger an invitee was a probability. Henley v. Pizitz Realty Co., 456 So.2d 272, 277 (Ala. 1984). Nevertheless, we have found that "it is difficult to impose liability on one person for an intentional criminal act committed by a third person." CIE Service Corp. v. Smith, 460 So.2d 1244, 1247 (Ala. 1984). This Court has not yet decided a case whose facts command the imposition of such a duty. See, e.g., Henley, supra; Stripling v. Armbrester, 451 So.2d 789 (Ala. 1984); Latham v. Aronov *Page 372 Realty Co., 435 So.2d 209 (Ala. 1983); Berdeaux v. City National Bank of Birmingham, 424 So.2d 594 (Ala. 1982); Parham v. Taylor, 402 So.2d 884 (Ala. 1981); City of Mobile v. Largay, 346 So.2d 393
(Ala. 1977).
477 So.2d at 299.
In Ortell, there was evidence submitted that, during the three-year period immediately preceding the assault, eight incidents of assault, theft, robbery, or burglary had occurred on the premises. Furthermore, during the same time period, over eighty separate incidents of such conduct had occurred within a two-block area surrounding the convenience store. After listing the above-mentioned criminal activities, we stated:
 The occurrences of this three-year period established by the plaintiff did not alone impose a duty upon this defendant to protect this plaintiff from the crime for which she suffered at the hands of the third-party criminal.
Id.
In the case at bar, there had been only one report filed with the Birmingham Police Department concerning a robbery of an invitee of the Omelette Shop in the three-year period immediately preceding the incident which is the subject of this action. Obviously, this does not even approach the frequency of criminal activity that was present in Ortell, where we held that there was a complete lack of evidence tending to show that the defendant had knowledge, either actual or constructive, that criminal activity of the same nature that harmed Ortell was a probability. We are of the opinion that plaintiff in this case has also failed to offer any proof that Omelette Shop had any knowledge of such a probability. Therefore, the summary judgment is hereby affirmed. Rule 56, Ala.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.