SHORES, Justice.
This is an appeal by plaintiff Johnny Martin Lloyd from a summary judgment granted in favor of defendant A1 “Butch” Joseph. We affirm.
The affidavits, depositions, and testimony taken from the criminal proceedings regarding the incident that is now the basis of this civil action were offered in support of, or in opposition to, the motion for summary judgment. They reveal the following: On February 18, 1984, Lloyd was shot in the neck by James Harold Tatum. The incident occurred immediately outside the entrance door of a lounge known as the Townline Restaurant. Just prior to the shooting, Lloyd had been looking for his girlfriend, Kay Creech. Lloyd saw her car parked in the Townline parking lot. Lloyd testified that it was his intention to go into the Townline to get Kay Creech and then immediately leave with her to go to a less crowded place. As he was about to enter the lounge, he was approached by Tatum. Lloyd testified that Tatum shot him suddenly and without warning.
Joseph owns the Townline Restaurant. Lloyd claims that Joseph’s employees heard Tatum state that he was going to shoot either Lloyd or a third person, Pete Moss, and that these employees knew Tatum was armed with a gun. Lloyd claims that one restaurant employee told him that on the night of the incident, she had wished that “they (the lounge [employees]) would get rid of Tatum because he was all messed up on drugs, was in possession of a gun, and was going to hurt somebody.” Lloyd contends that Joseph’s employees should have sent Tatum away from the Townline, and that if they had done so, then he would not have been shot.
Lloyd also testified that he had never been to the Townline Restaurant before the incident in question, and that no one except the people in the car with him that night knew that he was going to the Townline on that occasion.
In June 1984, Lloyd filed suit against defendant Tatum, claiming that Tatum willfully and maliciously assaulted Lloyd on February 18, 1984. On February 6, 1985, Lloyd amended his complaint by adding Joseph, the owner of the Townline Restaurant, as a defendant. The claim asserted against Joseph was negligence in maintaining a safe environment. Joseph filed a motion for summary judgment, which the *773 trial court granted on February 3, 1986. This appeal by Lloyd followed.
The inquiry necessary for our resolution is whether, under the facts of this case, Joseph was under a duty to protect Lloyd from criminal attack.
The general rule is that an employer or landowner is not liable for injury caused by the criminal act of a third person. Moye v. A.G. Gaston Motels, Inc., [MS. 85-191, Sept. 19, 1986] (Ala.1986); Simpson v. Wolf Ridge Corp., 486 So.2d 418 (Ala.1986); Ortell v. Spencer Companies, Inc., 477 So.2d 299 (Ala.1985). “It is difficult to impose liability on one person for an intentional criminal act committed by a third person.” Ortell, quoting from CIE Service Corp. v. Smith, 460 So.2d 1244 (Ala.1984). In deciding whether liability should be imposed, it is necessary to look at the duty owed by the landowner. The duty owed depends on the status of the injured party in relation to the defendant’s land. Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976).
In Alabama, the law imposes a duty upon storekeepers to exercise reasonable care in providing and maintaining reasonably safe premises for the use of their invitees. Quillen v. Quillen, 388 So.2d 985 (Ala.1980). This Court has also recognized that a duty may be imposed on a storeowner to take reasonable precautions to protect invitees from criminal attack in the exceptional case where the storeowner possesses actual or constructive knowledge that criminal activity which could endanger an invitee is a probability. Henley v. Pizitz Realty Co., 456 So.2d 272 (Ala.1984). Moye v. A.G. Gaston Motels, Inc., supra.
Joseph argues that Lloyd was not an invitee, but rather a licensee. A landowner owes a licensee the duty not to willfully or wantonly injure him or negligently injure him after discovering his peril. Tolbert v. Gulsby. It is the nature of their visits that makes one a licensee and another an invitee. Quillen v. Quillen, supra.
Lloyd testified that his purpose in entering the business of Joseph was to talk his girlfriend, Kay Creech, into going with him to another place. He stated that he had no intention of staying at the Townline. He simply wanted to get Kay and then go with her and his friends, who were waiting in the car, to some other place. An “invitee” enters the premises with permission, but also to bestow some material or commercial benefit on the landowner. Kitchens v. United States, 604 F.Supp. 531 (M.D.Ala.1985); Osborn v. Brown, 361 So.2d 82 (Ala.1978); Frederick v. Reed, 410 So.2d 95 (Ala.Civ.App.1982). Based on Lloyd’s admitted purpose in going to the Townline Restaurant, i.e., to get his girlfriend and leave, we conclude that there was no material or commercial benefit to be gained or derived by Joseph. In Sims v. Warren, 248 Ala. 391, 27 So.2d 803 (1946), the Court held that a person visiting a bus station to give a message to a passenger was not an invitee. Lloyd was a licensee.
There is no evidence or allegation that Joseph or his employees intentionally or willfully injured Lloyd. Furthermore, there is no evidence that Joseph acted negligently after discovering Lloyd’s peril. Assuming that the employees of Joseph were aware that Tatum had made threats on Lloyd’s life, the employees had no knowledge that Lloyd would be coming to the restaurant that particular night. Lloyd testified that he had never been to the Townline prior to February 18, 1984, and that no one was aware that he was going there on that date except his friends who were in the car with him that night. Lloyd also testified that before he could even greet Tatum, Tatum suddenly, and without warning, shot him. The incident occurred in the parking lot prior to his entering the business premises. Lloyd’s own testimony negates the possibility that the landowner, Joseph, or his employees could have discovered Lloyd’s peril and intervened in time to prevent the incident. Because the evidence in opposition shows clearly that Joseph is not liable for Lloyd’s injury, and because there is not a scintilla of evidence in support of Lloyd’s claim against Joseph, the trial court did not err in granting Joseph’s *774 motion for summary judgment. There was no genuine issue of material fact and Joseph was entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.