Plaintiffs Suzanne Smith Childers, her daughter Suzannah Lane Childers, and her husband David L. Childers, appeal from a summary judgment entered in the Tenth Judicial Circuit of Alabama in favor of the defendants, Winn-Dixie Stores, Inc., Birmingham Realty Company, and Russel Cunningham. We affirm.
At 7:00 in the evening on November 4, 1983, Suzanne and Suzannah Childers exited the Winn-Dixie Store at 3314 Clairmont Avenue, Birmingham, Alabama, after having completed their grocery shopping.
While the Childerses were putting the groceries in their car, two young men came up and snatched Suzanne Childers's purse. Mrs. Childers gave chase, but was unable to catch the them, although she saw them clearly and was able to give a detailed description of them and their car.
As a result of the incident, Suzanne and Suzannah Childers filed suit against Winn-Dixie and Birmingham Realty, et al., claiming that they were injured as a proximate result of the defendants' failure to provide adequate lighting or security guards. They further alleged that the defendants had failed to provide lighting and guards willfully and intentionally with full knowledge of the very danger that caused plaintiffs' injuries. David Childers sued for loss of consortium.
Birmingham Realty filed a motion for summary judgment on February 25, 1986. On March 25, 1986, Winn-Dixie filed a motion for summary judgment. On July 18, 1986, the court granted the summary judgments.
The Childerses state the issue on appeal to be whether "this Court ever intends to require of owners and occupants of retail establishments in this State, any responsibility to invitees to protect them from criminal activity and attack." We have recognized that a duty may be imposed on a storeowner "to take reasonable precautions to protect invitees from criminal attack in the exceptional case where the storeowner possessed actual or constructive knowledge that criminal activity which could endanger an invitee was a probability."Law v. Omelette Shop, Inc., 481 So.2d 370, 371 (Ala. 1985), citing Henley v. Pizitz Realty Co.,456 So.2d 272 (Ala. 1984). We have found, however, that "it is difficult to impose liability on one person for an intentional criminal act committed by a third person."CIE Service Corp. v. Smith, 460 So.2d 1244, 1247
(Ala. 1984). We have not yet found the "exceptional case" where the facts reached the level necessary to impose such a duty. See, e.g., Law, 481 So.2d at 370;Henley, 456 So.2d at 275; Ortell v. SpencerCompanies, Inc., 477 So.2d 299 (Ala. 1985);Stripling v. Armbrester, 451 So.2d 789 (Ala. 1984).
In reviewing the police records, one finds it apparent that Mrs. Childers's purse was the only one reported snatched between April 1, 1981, and November 4, 1983. As stated inLaw, "this does not even approach the frequency of criminal activity that was present in Ortell, where we held that there was a complete lack of evidence showing the defendant had knowledge, either actual or constructive, that criminal activity of the same nature as harmed Ortell was a probability." Law, supra, at 372.
The plaintiffs failed to offer any proof of the knowledge required to impose a duty on the defendants to protect its invitees from the criminal activity of third persons. The judgment of the Circuit Court of Jefferson County is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur. *Page 881