Gloria Webster sought to recover damages for negligence or wantonness for a *Page 1109 
criminal act (an attempted purse snatching) committed by a third party against her while she was on the defendant's premises. Webster alleged that she was injured while on the premises of the defendant, Church's Fried Chicken, Inc., when she was knocked to the ground by an unknown assailant who attempted to snatch her purse from her arm. She further alleged that, on the day she was injured, the defendant was under a duty to protect her from this kind of criminal act and that the defendant breached that duty.
The defendant moved for a summary judgment, with supporting evidence. The plaintiff opposed that motion by submitting evidence that, she says, showed that the employees of the defendant knew on the day that she was injured that criminal acts had previously occurred on the premises and that those acts made it foreseeable that the attempt to snatch her purse was an imminent probability. This Court recently reaffirmed the well-established rule that such a showing is necessary in this state to establish that a premises owner was under a duty to protect a business invitee from criminal activity. See, e.g.,Bailey v. Bruno's, Inc., 561 So.2d 509 (Ala. 1990).[1] The trial court entered a summary judgment in favor of the defendant, and the plaintiff appealed.
We have carefully reviewed the record in this case, including those portions of it that the plaintiff says support her theories of recovery. The record does show that from January 24, 1988, through December 1, 1988 (the day of the attempted purse snatching), there had been five other purse or jewelry snatching incidents involving patrons of the defendant. The record also shows that during that period other criminal acts were also committed on the defendant's premises, including several thefts that did not involve patrons of the defendant and certain acts of criminal mischief that were committed against the property of the defendant (e.g., objects were thrown through windows). However, after examining the evidence in the light most favorable to the plaintiff, as our standard for reviewing a summary judgment requires us to do,Stafford v. Mississippi Valley Title Ins. Co., 569 So.2d 720
(Ala. 1990), we conclude that the volume and nature of the criminal activity that had occurred on the defendant's premises prior to the incident involving the plaintiff is insufficient, as a matter of law, to show that it was foreseeable to the defendant that the attempt to snatch the plaintiff's purse was an imminent probability. Unlike the defendants in Nail v.Jefferson County Truck Growers Ass'n, Inc., 542 So.2d 1208
(Ala. 1988), the defendant in the case at issue did not have the sort of specialized knowledge that gives rise to a duty to protect. Our conclusion in this regard is dictated by, and the judgment is due to be affirmed on the authority of, Bailey v.Bruno's, Inc., supra (evidence of seven incidents involving violence or threats of violence during the 21-month period preceding the assault on the plaintiff held to be insufficient, as a matter of law, to establish that a duty to protect existed on the part of the defendant); Williams v. First Alabama Bank,545 So.2d 26 (Ala. 1989) (evidence of two robberies during the approximate one-month period preceding the robbery of the plaintiff held to be insufficient, as a matter of law, to establish that a duty to protect existed on the part of the defendant); Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368
(Ala. 1986); Ortell v. Spencer Companies, Inc., 477 So.2d 299
(Ala. 1985) (evidence of eight incidents involving assault, theft, robbery, or burglary, during the three-year period preceding the robbery of, and the assault on, the plaintiff held to be insufficient, as a matter of law, to establish that a duty to protect existed on the part of the defendant); andHenley v. Pizitz Realty Co., 456 So.2d 272 (Ala. 1984) (evidence of 16 incidents involving a battery, the breaking and entering of automobiles, robberies, and thefts, during the 10-year period preceding the abduction and rape of the plaintiff held *Page 1110 
to be insufficient, as a matter of law, to establish that the defendant had a duty to protect).
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] We note that the present case is clearly distinguishable fromBrock v. Watts Realty Co., [Ms. 89-1362, February 22, 1991] (Ala. 1991), where this Court recently held that the duty on the part of the defendants to protect the plaintiffs decedent was created by housing code ordinances enacted by the City of Birmingham.