The original opinion of December 27, 1991, is withdrawn and the following is substituted therefor.
This case presents a premises liability question. The specific question presented is whether a hospital or other health care facility owes a duty to protect its sedated or anesthetized patients from third-party criminal acts. We have never before decided this specific question, although we have considered other cases involving the liability of an owner for injuries caused to invitees as a proximate result of a criminal act.
Some of the basic facts are not disputed. The plaintiff, Paula Jean Young, was a patient at Huntsville Hospital (the "Hospital"). She was admitted to the Hospital for treatment of kidney stones. On the morning of July 11, 1987, she alleges that she was sexually assaulted by a man later identified as Steven Craig Moore.
At the time of the assault, defendant Battles Services, Inc. ("Battles"), was under contract with the Hospital to provide security for the Hospital's patients, employees, and facilities. Battles used four guards for this job: one posted at the front entrance; one at the emergency room entrance; one "rover" guard, who patrolled the entire hospital; and one supervisor, who patrolled only when needed. The Hospital had some 600,000 square feet of floor area, at least five stories, and 450 beds in use on the day of the incident. There was some dispute as to the exact visiting hours: Young contends that visiting hours were posted and that they were between 10:00 a.m. and 8:30 p.m.; the Hospital and Battles contend that visiting hours were not so limited. Young was assaulted at approximately 6:00 a.m.
Young sued the Hospital and Battles, alleging a negligent and/or wanton failure to protect her from the criminal act of Moore. She claimed as her main injury the emotional distress she suffered as a result of the sexual assault.
The trial court entered a directed verdict against Young after both sides had presented their evidence to a jury.[1] Young then made a motion for a new trial, which the trial judge overruled. Although the trial court did not specify the grounds for directing a verdict in favor of the defendants, it appears that the court based its directed verdict on a finding of a lack of a legal obligation owed by the Hospital and Battles to protect Young from the criminal acts of third parties. Young, in her appeal to this Court, claims that the defendants owed a special duty to her; she claims that at the time of the assault she was still heavily sedated, and, therefore, that there was an especially strong reason for a finding of that duty.
On numerous occasions this Court has stated the general rule pertaining to a premises owner's or occupier's liability for criminal acts of third parties. The general rule, of course, is that "absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person." Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1370
(Ala. 1986) (emphasis added), Berdeaux v. City Nat'l Bank ofBirmingham, *Page 1388 424 So.2d 594, 595 (Ala. 1982), Parham v. Taylor, 402 So.2d 884, 886
(Ala. 1981).
Both the Hospital and Battles rely on the above cases, and argue that Young failed to prove sufficient facts to show the special relationship required, and failed to prove that the criminal conduct was foreseeable.[2] The Hospital and Battles argue specifically that there was no evidence of prior criminal acts, and that an application of the rationale of Moye v. A.G.Gaston Motels, Inc., 499 So.2d 1368 (Ala. 1986), requires that we uphold the judgment of the trial court.
While we still recognize that "[i]t is difficult to impose liability on one person for an intentional criminal act by a third person," CIE Service Corp. v. Smith, 460 So.2d 1244, 1247
(Ala. 1984), we conclude that there was evidence that the relationship between the hospital and Young here was a "special relationship or circumstance"[3] that would except this case from the general rule, and we hold that the question of foreseeability was one for the jury. Here, although the matter is contested, there was evidence that Young was anesthetized or sedated and therefore unable, or less able, to protect herself from an assault such as the one that occurred.[4]
Support for our holding can be found in the growing national trend in the law toward expanding the recognized "special relationships" that give rise to the exception to the general rule of no liability. B. Lindahl, Dooley's Modern Tort Law:Liability and Litigation § 3.12 at 34 (1984 *Page 1389 
1986 Supp.).[5] One commentator suggests that recognition of an additional "special relationship" should hinge on "dependence or mutual dependence" among the parties. Id. Applying the "dependence" test, we can hardly imagine a situation in which a person is more dependent on another for basic bodily protection and care than the situation of an anesthetized or sedated patient.
In this case, we think, as we did in Brock v. Watts RealtyCo., 582 So.2d 438, 441 (Ala. 1991), that the risk was most likely reasonably foreseeable because "the resulting crime was one the general risk of which was foreseeable," especially given the particular context and the special relationship between the parties. However, we are persuaded by Justice Jones's analysis and conclusion in City of Mobile v. Largay,346 So.2d 393, 396-403 (Ala. 1977) (Jones, J., dissenting), that the foreseeability issue should be submitted to the jury. The jury should determine from the facts whether the general risk of the crime's occurrence was reasonably foreseeable by the defendants.
Our finding of evidence of a "special relationship" in this case should not be misunderstood. The general rule still is that "[i]t is difficult to impose liability on one person for an intentional criminal act committed by a third person,"CIE Service Corp., 460 So.2d at 1247, but in this case there was evidence that Moore was a trespasser after warning[6] and that the Hospital had elected not to enforce its posted visiting hours because of other considerations.
Although we hold that the "special relationship" between a sedated or anesthetized patient and a hospital or health care facility creates a duty on the hospital's or health care facility's part to protect the patient from criminal acts of third parties, we agree with the trial court that the evidence presented by Young will not sustain a finding of wantonness.
Based on the foregoing, the judgment of the trial court must be reversed and the cause remanded as to both defendants on Young's negligence allegation. However, we affirm that portion of the judgment based on the directed verdict as to Young's wantonness allegation. We agree with the trial court's implicit holding that Young presented insufficient evidence to support a finding of wantonness on either defendant's part.
Because we reverse the judgment and remand the cause as to Young's allegation of negligence, we address the plaintiff's second issue: whether the trial judge erroneously excluded evidence that Moore had previously trespassed in the hospital. Such evidence, provided a proper predicate is laid, would have some probative value. See C. Gamble, McElroy's AlabamaEvidence, § 21.01, at 34 (4th ed. 1991).[7] Therefore, if the proper predicate is laid, the trial court should admit such evidence on remand.
ORIGINAL OPINION OF DECEMBER 27, 1991, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] The trial court typed the order directing a verdict in favor of the defendants on the case action summary sheet, but gave no reasons why it was appropriate.
[2] In support of their argument on foreseeability, the Hospital and Battles cite cases and give their version of the facts of those cases: Stripling v. Armbrester, 451 So.2d 789 (Ala. 1984) ("there had been two identical crimes in the previous two months and a variety of crimes over the past five years"); Lawv. Omelette Shop, Inc., 481 So.2d 370 (Ala. 1985) ("when there had been only one similar robbery in the previous three years"); Williams v. First Alabama Bank, 545 So.2d 26
(Ala. 1989) ("when two similar robberies had occurred in the previous two months"); Ortell v. Spencer Companies, Inc.,477 So.2d 299 (Ala. 1985) ("when there had been over eighty crimes in a two block area over the previous two years and eight crimes had occurred on the premises"); and Bailey v. Bruno's,Inc., 561 So.2d 509 (Ala. 1990) ("when the subject premises and an adjacent parking lot had experienced five robberies, one shoplifting, one assault and one kidnapping and rape in a period of less than two years").
[3] The basis for the "special relationship" exception isRestatement (Second) of Torts § 315 (1966), which states:
 "There is no duty so to control the conduct of a third person as to prevent him from causing harm to another unless
 "(a) a special relationship exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
 "(b) a special relationship exists between the actor and the other which gives to the other a right to protection."
Logically, the relationship between a hospital and a sedated or anesthetized patient would be covered under (b) above.
[4] This Court has repeatedly upheld summary judgments and directed verdicts for a premises owner or occupier in cases where an invitee or employee had sued because of third-party criminal acts. In each of those cases, however, the invitee or employee was not incapacitated. See, e.g., Parham v. Taylor,402 So.2d 884 (Ala. 1981) (summary judgment affirmed against employee shot and injured while working in a liquor store);Berdeaux v. City Nat'l Bank of Birmingham, 424 So.2d 594 (Ala. 1982) (summary judgment affirmed against customer shot and injured in a bank holdup); Latham v. Aronov Realty Co.,435 So.2d 209 (Ala. 1983) (directed verdict upheld against shopping mall employee assaulted in mall parking lot); Henley v. PizitzRealty Co., 456 So.2d 272 (Ala. 1984) (summary judgment affirmed against parking deck customer raped and kidnapped in parking deck); Stripling v. Armbrester, 451 So.2d 789 (Ala. 1984) (summary judgment affirmed against customer whose car was stolen from a mall parking deck); Ortell v. Spencer Companies,Inc., 477 So.2d 299 (Ala. 1985) (summary judgment affirmed against a convenience store customer who was robbed and forced to perform deviant sexual acts); Law v. Omelette Shop, Inc.,481 So.2d 370 (Ala. 1985) (summary judgment affirmed against restaurant customer assaulted outside restaurant); Moye v. A.G.Gaston Motels, Inc., 499 So.2d 1368 (Ala. 1986) (summary judgment affirmed against parents of young girl shot outside motel where teen dance had been held); Williams v. FirstAlabama Bank, 545 So.2d 26 (Ala. 1989) (summary judgment affirmed against bank customer robbed while using an automatic teller machine); Bailey v. Bruno's, Inc., 561 So.2d 509
(Ala. 1990) (summary judgment affirmed against customer whose purse was snatched outside supermarket); and Webster v.Church's Fried Chicken, Inc., 575 So.2d 1108 (Ala. 1991) (summary judgment affirmed against customer whose purse was snatched outside restaurant).
[5] See also, Isaacs v. Huntington Memorial Hosp., 38 Cal.3d 112,211 Cal.Rptr. 356, 695 P.2d 653 (1985), Roettger v. UnitedHospitals of St. Paul, 380 N.W.2d 856 (Minn.App. 1986), Moody v.Cawdrey Associates, 68 Haw. 527, 721 P.2d 707 (App. 1986),Sharp v. W.H. Moore, Inc., 118 Idaho 297, 796 P.2d 506 (1990), for modern expansions in regard to an owner's or occupier's liability for third-party criminal conduct. To a more limited extent, our own recent cases of Nail v. Jefferson County TruckGrowers Ass'n, 542 So.2d 1208 (Ala. 1988), and Brock v. WattsRealty Co., 582 So.2d 438 (Ala. 1991), exhibit expansions of such liability where the harm that occurred was reasonably foreseeable or the duty was directly imposed by statute.
[6] This evidence of previous trespasses by Moore was improperly excluded by the trial court. See, infra at 1389.
[7] Gamble asserts, "The appellate courts of Alabama have sanctioned [a liberal test that] a fact is admissible if it has any probative value, however slight, upon a matter in the case." *Page 1390 
 ON APPLICATIONS FOR REHEARING