The plaintiff argues only that the summary judgment should be reversed because, she says, the Gadsden housing ordinances impose a duty and foreclose the issue of foreseeability. She relies on Brock v. Watts Realty Co., 582 So.2d 438, 441 (Ala. 1991), in which this Court held that certain ordinances of the City of Birmingham "created a duty . . . to maintain the locks . . . because the resulting crime . . . was one the generalrisk of which was foreseeable." (Emphasis in original.) This Court's holding that the Gadsden ordinances are not applicable to this case should therefore end the matter and result in an affirmance. Even assuming that the appeal is not decided by this holding, the question would be whether the rape was foreseeable, not whether the defendants "knew or should have known of the condition of L.M.S.'s window," as the majority says. The judgment should be affirmed on this question also, because L.M.S. does not contend that the rape was foreseeable because *Page 248 
of similar incidents or for any other reason beyond the ordinances.
A defendant should not be held liable for the criminal acts of third parties except in limited, exceptional circumstances. See, e.g., Bailey v. Bruno's, Inc., 561 So.2d 509 (Ala. 1990);Ortell v. Spencer Companies, 477 So.2d 299 (Ala. 1985). The ordinances on which L.M.S. relies are not applicable to this case, and she has not attempted to show any exceptional circumstances that would allow her to recover. I would affirm the judgment.
SHORES, J., concurs.
HOUSTON, Justice (dissenting).
I would affirm. No statute, no liability.