I believe that the trial court should have granted a directed verdict in favor of Whataburger. In order to properly support his negligence claim against Whataburger, Rockwell must have established that the defendant owed him a duty of care, that the defendant breached that duty, that Rockwell suffered loss or injury, and that the defendant's negligence was the actual and proximate cause of that loss or injury. John R. Cowley Bros., Inc. v. Brown, 569 So.2d 375 (Ala. 1990).
The dispositive issue in deciding whether a directed verdict should have been granted by the trial court is whether Whataburger owed a duty to Rockwell to protect him from the criminal acts of the three young men. "The determination as to the existence vel non of a duty resting upon a defendant is a question of law for the trial judge." Sungas, Inc. v. Perry,450 So.2d 1085, 1089 (Ala. 1984). I disagree with the majority that this case involves a factual question for the jury with regard to the existence of a duty. Under Alabama law, Whataburger had no duty to protect Rockwell from the criminal acts of third parties. See Moye v. A.G. Gaston Motels, Inc.,499 So.2d 1368 (Ala. 1986).
Our Supreme Court has recognized that a duty may be imposed on a store owner to take reasonable precautions to protect invitees from criminal attack. Henley v. Pizitz Realty Co.,456 So.2d 272, 277 (Ala. 1984). However, "[i]t is the general rule in Alabama that, absent special relationships or circum-stances, a person has no duty to protect another from criminal acts of a third person." Moye v. A.G. Gaston Motels,Inc., 499 So.2d at 1370. The basis for the "special relationship or circumstances" exception is found inRestatement (Second) of Torts § 315 (1966), which states:
 "There is no duty so to control the conduct of a third person as to prevent him from causing harm to another unless
 "(a) a special relationship exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
 "(b) a special relationship exists between the actor and the other which gives to the other a right to protection."
For the "special relationship" exception to apply in premises liability cases, there must be a relationship either between the premises owner and the third party or between the premises owner and the plaintiff. Young v. Huntsville Hospital,595 So.2d 1386 (Ala. 1992)
There was clearly no existing relationship between Whataburger and the three young men that would have imposed a duty upon Whataburger to control their actions. Therefore, the first exception to the general rule would not apply.
The second "special relationship" exception is also inapplicable to the facts of this case. This exception to the general rule has been sparingly utilized by the courts of this state. In premises liability cases, it has been applied in rare situations where the invitee is highly dependent on the premises owner for his or her bodily protection, e.g., the situation of a hospital and an anesthetized patient. SeeYoung, supra. I do not believe that Rockwell's status as a mere business invitee of the restaurant gives rise to such a duty under this exception.
Our Supreme Court addressed a situation almost identical to that presently before the court, in Douglas v. McDonald'sCorp., 565 So.2d 137 (Ala. 1990). In that case, Douglas was attacked by a group of assailants while *Page 1229 
eating at a McDonald's restaurant. He claimed that McDonald's had negligently or wantonly failed to provide him with a reasonably safe place while he was an invitee on the restaurant premises and had negligently or wantonly failed to provide police protection after being notified that Douglas had been threatened. The trial court entered summary judgments for the defendants; the Supreme Court affirmed, holding that no duty was breached. The supreme court relied on Bailey v. Bruno's,Inc., 561 So.2d 509 (Ala. 1990), and Williams v. First AlabamaBank, 545 So.2d 26 (Ala. 1989).
Rockwell argues, as his theory of recovery, that Whataburger obtained "specialized knowledge" that served to impose upon it a duty to protect him as an invitee. A requirement of Rockwell's argument is that the store owner have "specialized knowledge" that criminal activity that could endanger an invitee is a probability. Stripling v. Armbrester,451 So.2d 789 (Ala. 1984). Therefore, it follows that foreseeability is a primary factor in applying this exception. As a prac-tical matter, to establish the requisite degree of foreseeability essential to impose a duty to protect against criminal acts will almost invariably require evidence of prior criminal acts that had occurred on, or in the immediate vicinity of, the defendant's premises. For example, in Nail v. Jefferson CountyTruck Growers Ass'n, Inc., 542 So.2d 1208 (Ala. 1988), a case Rockwell relies on, the defendant was found to have gained "specialized knowledge" when it received knowledge of "feuding" and tension between rival factions in its facility for several weeks before the plaintiff was injured there.
Rockwell presented no evidence relating to prior criminal incidents at Whataburger that would have put this defendant on notice that such criminal activity would be likely to occur. Although the testimony reveals that some of the employees of Whataburger recognized the three young men as regular customers, none testified to knowing of any previous acts of violence committed by any of the three.
The only knowledge Rockwell claims the employees of Whataburger possessed concerning any potential danger to him came as a result of the confrontation made the basis of this lawsuit. Rockwell asserts that the Whataburger manager had "actual or constructive knowledge" of a criminal activity that could endanger him and that this knowledge gave rise to a duty to protect. Rockwell relies on Facemire v. Konover ManagementSouth, 804 F. Supp. 1465 (S.D.Ala. 1992). In Facemire, the United States district court held that a genuine issue of material fact existed to preclude a summary judgment for a shopping center defendant that had organized a fireworks display. The district court heard evidence that indicated that members of the organizer's hired security force had been told that a man with a gun was at large in the crowd, but that the security force had refused to take action to protect those attending the show. The situation presented in Facemire can be distinguished from that presented in the present case. InFacemire, the management of the defendant shopping center voluntarily assumed the duty to pro-vide security for those in attendance at the fireworks show.[2] Whataburger never assumed any such duty on behalf of Rockwell. Additionally, the security guards in Facemire, according to the evidence presented, were informed that an armed man was among the crowd and refused to take action on this information to prevent the type of situation that arguably might have led to Facemire's being shot. In the present case, it is not asserted that the Whataburger manager actually refused to contact the police. In fact, it is undisputed that the police were called by the manager.
It is Rockwell's contention that had the Whataburger manager foreseen the potential harm sooner and called the police earlier, the police would have arrived in time to prevent the altercation in which Rockwell was injured. It is this failure to act promptly that Rockwell argues caused him to be injured and gives rise to Whataburger's liability. *Page 1230 
The Alabama appellate courts have yet to find foreseeability based upon an impending assault theory, and I am not persuaded to do so based upon the facts in this case. Rockwell's argument is fraught with speculation. "Evidence which affords nothing more than speculation, conjecture or guess is wholly insufficient to warrant the submission of a case to the jury."Williams v. Palmer, 277 Ala. 188, 193, 168 So.2d 220, 224
(1964). To embrace Rockwell's argument is to depart widely from the prevailing law of this state and will serve to impose an undue burden upon our merchants.
Therefore, in accordance with the extremely high standards our Supreme Court has set in deciding similar cases, I believe that Rockwell's status as a business invitee of Whataburger did not give rise to any special duty on the part of Whataburger to protect him from the criminal acts of a third party and that no distinctive relationship was formed that would have created such a duty. Whether a duty exists is a matter of law to be determined by the court. Sungas, Inc. v. Perry, supra. The court should have entered a directed verdict in favor of Whataburger. Therefore, I dissent.
[2] It is likely that Facemire might have been decided differently if it had been decided by our Supreme Court rather than by the federal court. In Dailey v. Housing Authority for theBirmingham District, 639 So.2d 1343 (Ala. 1994), the Supreme Court of Alabama refused to impose a duty to protect on a landlord that had voluntarily provided private security.