THOMPSON, Judge,
dissenting.
The majority opinion does not address the extensive body of Alabama precedent on this issue, but, instead, relies on cases from other jurisdictions. See Finley v. Patterson, 705 So.2d 826 (Ala.1997); Ex parte McRae’s of Alabama, Inc., 703 So.2d 351 (Ala.1997); Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368 (Ala.1986); Law v. Omelette Shop, Inc., 481 So.2d 370 (Ala.1985). I do not believe that under Alabama law the shoplifter’s criminal action was foreseeable. Broadus v. Chevron USA, Inc., 677 So.2d 199 (Ala.1996); Law v. Omelette Shop, Inc., 481 So.2d 370 (Ala.1985).
I note that neither in his response to the motion for a summary judgment nor in his brief on appeal did Raburn adequately address the arguments and issues the majority relies on in deciding this case. Furthermore, in his brief on appeal, Raburn cited only four cases; all of those cases were cited to support general propositions of law regarding the standard of review for a summary judgment. It is well settled that it is not the function of the appellate courts to create, research, or argue issues on behalf of the appellant. McLemore v. Fleming, 604 So.2d 353 (Ala.1992). This court may not reverse a judgment of the trial court on issues and arguments that the trial court had no opportunity to consider and that were not adequately argued in this court. Pate v. Billy Boyd Realty & Constr., Inc., 699 So.2d 186 (Ala.Civ.App.1997).
Because I would affirm the judgment of the trial court, I must respectfully dissent.