The plaintiff, Bobbie Lee Saccuzzo, as administratrix of the estate of Christopher Dale Saccuzzo, appeals from a summary judgment for the defendant, the Krystal Company, on her wrongful death claim. Christopher Saccuzzo died of a gunshot wound that he received while standing in the parking lot of a business known as the Cotton Club. The shot was fired by a person standing in the parking lot of the defendant's Krystal fast food restaurant located on the property adjacent to the Cotton Club. In the 18 months preceding the shooting of Christopher Saccuzzo, the police had been called to the Krystal restaurant more than 160 times. Saccuzzo contends that the attack on Christopher was foreseeable, and, therefore, that Krystal had a duty to protect Christopher Saccuzzo from the criminal acts of a third party.
One moving for a summary judgment has the initial burden to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; see also Willingham v.United Insurance Co. of America, 642 So.2d 428 (Ala. 1994), and the cases cited therein. " 'The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact.' " Willingham,642 So.2d 428, quoting earlier cases.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
The general rule in Alabama is that "absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person." Moye v. A.G.Gaston Motels, Inc., 499 So.2d 1368, 1370 (Ala. 1986). "Special circumstances" exist only when the defendant "knew or had reason to know of a probability of conduct by third persons that would endanger the plaintiff." Nail v. Jefferson CountyTruck Growers Association, Inc., 542 So.2d 1208, 1211
(Ala. 1988). For the "special relationship" exception to apply, there must be a relationship either between the premises owner and the third party or between the premises owner and the plaintiff. Young v. Huntsville Hospital, 595 So.2d 1386
(Ala. 1992), citing Restatement (Second) of Torts § 315 (1965). Prior criminal incidents can indicate knowledge on the part of the owner, but such incidents are by no means conclusive on the question of knowledge. Williams v. First Alabama Bank,545 So.2d 26, 27 (Ala. 1989).
The past rulings of this Court indicate that it is difficult for the plaintiff to overcome the defendant's properly supported motion for summary judgment in an action alleging liability on the part of a premises owner for the criminal acts of a third party. One of the few Alabama cases in which the plaintiff has overcome a properly supported summary judgment motion in a situation involving such premises liability isThetford v. City of Clanton, 605 So.2d 835 (Ala. 1992), where this Court sent the issue of premises liability in an innkeeper-guest situation to a jury. Thetford and her child checked into a hotel in order to get away from Thetford's abusive husband. Thetford registered under an assumed name and specifically told the hotel employees not to tell her husband that she was staying there. When the husband later arrived at the hotel, hotel employees, despite Thetford's earlier instructions, let him into *Page 597 
her room, even though she had the door locked. The husband removed Thetford and the child from the premises. Thetford was subsequently murdered by her husband at a different location. The administrator of Thetford's estate sued the hotel. The trial court entered a summary judgment in favor of the hotel. This Court reversed, holding that "special circumstances" in that case made the summary judgment inappropriate. Although the Court did not specifically say so, the innkeeper-guest relationship in Thetford also comes within the "special relationship" exception to the general no liability rule.
In Young v. Huntsville Hospital, 595 So.2d 1386 (Ala. 1992), we held that a hospital has a duty to protect an anesthetized patient from the criminal acts of a third party. In that case, Young was sexually assaulted by a person who had been seen wandering around the hospital on previous occasions. Young was heavily sedated at the time of the attack and had virtually no chance of defending herself. We held that a "special relationship" existed in Young because an anesthetized patient is uniquely dependent upon the hospital for protection.
Krystal had no duty to protect Saccuzzo from the criminal acts of a third party. Saccuzzo presented no evidence showing that Krystal knew or should have known that Saccuzzo was in danger of being shot by someone in Krystal's parking lot. No "special circumstances or relationship" existed between Saccuzzo and Krystal. Although the plaintiff presented evidence of an extremely high level of criminal activity at Krystal in the 18 months preceding the Saccuzzo incident, this alone could not impute knowledge to Krystal of the probability of a criminal attack on Saccuzzo. Although the police had been called to the premises for a variety of reasons, on most of the occasions no violent behavior was reported. There had been no other shootings in the 18 months before Saccuzzo's death.
Krystal also contends that it is entitled to a summary judgment because Saccuzzo was not an invitee of Krystal. As we have already pointed out, no special relationship existed between Krystal and Saccuzzo. However, the facts of this case would warrant no holding that Krystal had a duty to protect Saccuzzo, even if a "special relationship" had been present. We see no need to address the issue whether the plaintiff could have defeated the summary judgment motion by showing "special circumstances" even though there was no "special relationship" between Saccuzzo and Krystal.
Accordingly, the summary judgment in favor of Krystal is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES and STEAGALL, JJ., concur.
MADDOX, J., concurs in the result.