683 So.2d 413 (1996)
C.A.
v.
WAL-MART, INC.
1950465.
Supreme Court of Alabama.
October 18, 1996.
Garve Ivey, Jr., of King, Ivey & Junkin, Jasper, for Appellant.
Dorothy A. Powell and Marda W. Sydnor of Parsons, Lee & Juliano, P.C., Birmingham, for Appellee.
PER CURIAM.
C.A. brought an action against Wal-Mart, Inc., for damages based on her abduction from a Wal-Mart store's parking lot and her subsequent rape; the abduction and rape were perpetrated by a party not connected with Wal-Mart. The circuit court entered a summary judgment for Wal-Mart.
This case falls within the established rule that a premises owner is generally not liable for the criminal act of a third party. Before the criminal acts against C.A., the police had received reports of the following incidents occurring on or near the Wal-Mart premises: 13 thefts of unattended purses and wallets; 7 thefts of property from inside unattended automobiles; 6 thefts of automobiles; 7 incidents of harassment; 2 occurrences of reckless endangerment; 1 assault involving family members; 1 theft of property inside the store; 1 incident of scratched paint on an automobile; and 1 case of public lewdness. This evidence does not present a fact question under the standard applicable to cases seeking to impose liability for the criminal act of a third party. Saccuzzo v. Krystal Co., 646 So.2d 595 (Ala.1994); Habich v. Crown Central Petroleum Corp., 642 So.2d 699 (Ala.1994); Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368 (Ala.1986); Law v. Omelette Shop, Inc., 481 So.2d 370 (Ala.1985); Ortell v. Spencer Companies, Inc., 477 So.2d 299, 299 (Ala.1985). Cf. Young v. Huntsville Hospital, 595 So.2d 1386 (Ala.1992), and Nail v. Jefferson County Truck Growers Ass'n, 542 So.2d 1208 (Ala. 1988).
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, and COOK, JJ., concur.
KENNEDY and BUTTS, JJ., dissent.
KENNEDY, Justice (dissenting).
I respectfully dissent.
C.A., a pregnant employee of the Jasper, Alabama, Wal-Mart "Super Center" store, was abducted by an armed assailant one evening as she left work, and was then raped and robbed.[1] This represented the 22d criminal incident involving the Super Center parking lot in the approximately 9 months the store had been open for business. The robbery was the 28th theft crime involving the Super Center premises in that same period.
*414 Indeed, Wal-Mart, recognizing the potential for criminal activity on its Super Center premises, had hired armed security persons and had positioned them at the front of the store during the evening hours. In this regard, the manager of the store testified as follows in a deposition:
"Q: Okay. So they [the `armed police officers'] were there to provide security for the store?
"A: As a deterrent, yes.
"Q: Right. Okay. And they were there so that people would believe that the store was safe?
"A: Yes
"Q: And, so, your employees would believe the store was safe?
"A: Yes."
C.R. 672.
The security persons hired by Wal-Mart, off-duty sheriff's deputies and police officers, were not available to work every evening. No security person was present on the evening C.A. was abducted.
C.A. sued Wal-Mart, alleging that it had "negligently and/or wantonly and/or recklessly allowed a defect or danger to exist in the ... parking lot," because of inadequate parking lot lighting and a failure to provide parking lot security on the evening of her abduction. Wal-Mart moved for a summary judgment on the basis that the criminal incident was not foreseeable, and, therefore, that it had no duty to protect C.A. against that attack. The trial court granted that motion. The majority of this Court today affirms Wal-Mart's summary judgment. In my view, however, the judgment was clearly improper, because the evidence in this case creates a jury question on the matter of foreseeability.
A duty to protect another from the criminal acts of third parties can arise from the existence of a special relationship or from special circumstances. Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1370 (Ala.1986). "Special circumstances" exist where the probability of a criminal incident is foreseeablewhere the defendant "[knows] or ha[s] reason to know of a probability of conduct by third persons that would endanger the plaintiff." Saccuzzo v. Krystal Co., 646 So.2d 595, 596 (Ala.1994), quoting, Nail v. Jefferson County Truck Growers Ass'n, Inc., 542 So.2d 1208, 1211 (Ala.1988).
Frequently, in considering this foreseeability question, this Court has looked to the number of previous crimes on the defendant's premises that were in the nature of the crime in issue. See, e.g., Childers v. Winn-Dixie Stores, Inc., 514 So.2d 879 (Ala. 1987). This is a meaningful inquiry, and, indeed, here, there was a history of theft crimes preceding the robbery in issue. In any event, however, and in particular as to the abduction and rape, we must be cautious not to lose sight of the fact that the ultimate question remains one of foreseeability.
It is true, as Wal-Mart points out, that there had been no previous incident specifically involving an abduction and rape, but, certainly, any reasonable person would nonetheless foresee the very real threat that crimes of this nature would occur at the Super Center parking lot. Perhaps most obvious is the long list of criminal incidents that had occurred consistently at the Super Center, and specifically in the parking lot, during the evening hours, in only nine months' time. In this regard, I refer to the 21 previous criminal incidents in the parking lot, but I note that Wal-Mart concedes that a total of 39 criminal incidents had occurred at the Super Center in the short time it had been open before the attack on C.A. It does not dispute that of these 39 incidents 30 involved felony offenses, and, like the incident here, over half of these 39 occurred in the evening hours. However, perhaps most compelling is the avowed recognition by Wal-Mart that it should (and did) hire armed guards "as a deterrent" and so that "people," including "employees," would "believe that the store was safe."[2]
*415 Applying the rule of law and affording, thereunder, protection from those who would victimize, must be the business of this Court, and that should be the business of anyone who, with the assurances of safety, would persuade another to come onto their premises. Certainly, the Court should not validate the actions of an entity that strives to offer its implicit promise of safety, but which, despite considerable evidence that it must take additional action if it is to live up to that promise, proclaims that it has absolutely no duty to offer aid that might prevent another from being brutalized.
BUTTS, J., concurs.
NOTES
[1] The assailant is presently imprisoned for these crimes.
[2] No business should be penalized because it, quite commendably, has simply taken security measures. Therefore, it bears emphasis here that Wal-Mart did not simply hire a security guard with the hope of preventing criminal activity, but intended that patrons and employees should see its hiring security persons as protecting them.