782 So.2d 1271 (1999)
Barbara B. HAIL, as executrix of the estate of Jack Lee Hail, deceased
v.
REGENCY TERRACE OWNERS ASSOCIATION et al.
1981397.
Supreme Court of Alabama.
December 22, 1999.
Rehearing Denied April 28, 2000.
Opinion on Return to Remand October 27, 2000.
*1272 W. Lee Pittman of Pittman, Hooks, Dutton & Hollis, P.C., Birmingham, for appellant.
Roderick K. Nelson and Judy B. Van Heest of Beers, Anderson, Jackson, Nelson, Hughes & Patty, P.C., Montgomery, for appellees Regency Terrace Owners Association and Metcalf Realty Company, Inc.
Joseph E. Stott of Clark & Scott, P.C., Birmingham, for appellee Bagby Elevator Company, Inc.
PER CURIAM.
Barbara B. Hail, as the executrix of the estate of her husband Jack Lee Hail, filed a wrongful-death action against Regency Terrace Owners Association (the "Association"), Metcalf Realty Company, Inc. ("Metcalf"), Bagby Elevator Company, Inc. ("Bagby"), Radionics, Inc. ("Radionics"), and Automatic Detection Systems, Inc. ("ADS"). The circuit court entered summary judgments for the defendants. Mrs. Hail appealed the summary judgments in favor of the Association, Metcalf, and Bagby. Therefore, Radionics and ADS are not parties to this appeal. We reverse and remand.
Jack Hail resided in a condominium apartment he owned in the Regency Terrace Condominiums in Birmingham. Management of the building was the responsibility of the Association, which is governed by a board of directors and elected officers. The Association's board hired Metcalf to manage the property and maintain the building. On May 3, 1995, a fire occurred in the maintenance man's office, which was located adjacent to the building's lobby. At the time of the fire, Mr. Hail was found in the lobby of the building; he later died as a result of injuries sustained in that fire. The Birmingham Fire Department concluded that the fire was the result of arson, but no arrest was made.
*1273 In the 13 months preceding the May 3, 1995, fire, between 8 and 13 other smaller fires had occurred in or around the building's trash chutes. These fires were also suspected to be arson fires. Testimony from the president of the Association suggests there had been 8 previous fires; testimony by Mrs. Hail suggests there had been 13 previous fires. The Association held numerous meetings to inform its members of the danger of these fires. At these meetings, various safety precautions were discussed and those precautions were later implemented. It became apparent at these meetings that the maintenance man and one resident were considered, by at least some of the owners, to be the primary suspects. However, no one was ever charged with starting the fires.
The building has two elevators, which serve all floors of the building. These elevators are serviced by Bagby. At the time of the fire that killed Mr. Hail, these elevators were equipped with a "recall system" that was designed to prevent them from opening onto a floor where smoke had been detected, but, instead, to deliver passengers to a predetermined alternate floor. The building has two stairwells, one at each end of the hallway. These stairs are outside the building, and they lead from each upper floor to ground level. Mrs. Hail contends that on May 3, 1995, the "recall system" failed and that as a result of the failure an elevator delivered Mr. Hail to a smoke-filled lobby, where he was overcome by smoke and fire.
Mrs. Hail filed this wrongful-death action on September 4, 1996. On August 18, 1998, Bagby filed a motion for summary judgment, along with a brief in support of the motion. Mrs. Hail filed a responsive brief on September 8, 1998, in which she asked the trial court, pursuant to Rule 56(f), for additional time for opposing Bagby's motion. The trial court entered a summary judgment for Bagby on November 12, 1998. On January 27, 1999, Bagby moved for an order, pursuant to Rule 54(b), making its summary judgment final. On February 11, 1999, the Association and Metcalf filed a joint motion for summary judgment. On February 19 and 23, 1999, Mrs. Hail submitted additional affidavits to be considered in opposition to the summary-judgment motions of Bagby, Regency, and Metcalf. On March 1, 1999, the trial court entered a Rule 54(b) order making Bagby's summary judgment final. On March 24, 1999, the trial court entered summary judgments for Metcalf and the Association. Mrs. Hail has appealed all three of these summary judgments.
In reviewing a summary judgment, this Court applies the same standard the trial court applied "in determining whether the evidence before the court made out a genuine issue of material fact." Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). A summary judgment is proper when there is no genuine issue of material fact and the defendant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Ex parte General Motors Corp., 769 So.2d 903, 906 (Ala. 1999). See, also, Calvert v. Casualty Reciprocal Exch. Ins. Co., 523 So.2d 361 (Ala. 1988); Nettles v. Henderson, 510 So.2d 212 (Ala.1987); Wilson v. Brown, 496 So.2d 756 (Ala.1986). However, "[i]n reviewing the trial court's ruling on a motion for summary judgment, this Court must evaluate the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant." Norfolk S. Ry. v. Johnson, 740 So.2d 392 (Ala. 1999), citing Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 317 (Ala.1992).

I. Metcalf and the Association's Summary Judgments
Mrs. Hail sued Metcalf and the Association under a premises-liability theory, alleging *1274 that they were liable for Mr. Hail's death. She argues that the 8 to 13 fires that had occurred in the building during the 13 months before the fatal fire, gave Metcalf and the Association notice of probable harm, harm that in fact, she says, caused the death of her husband. Furthermore, because the maintenance man was suspected of causing these fires, and because Metcalf and the Association were responsible for hiring him, Mrs. Hail contends that it was unreasonable not to dismiss him when he first became a suspect. Dismissing him, she says, would have prevented the fire that caused Mr. Hail's death.
The Association's representative acknowledged that, before the date of the fire that killed Mr. Hail, the Association had held numerous meetings with the residents to deal with the series of fires. A frequent topic of discussion at these meetings was the residents' desire to get the maintenance man off the property, yet he was not removed until after that fire. The maintenance man had been employed at Regency Terrace for approximately one year before the fire, and the president of the Association said he could not recall any arson fires in the building before this maintenance man was hired. The fatal fire originated in the maintenance man's office. Shortly after that fire occurred, the maintenance man was discharged. As of the date the last summary judgment was entered in this case, no other fire had occurred on the property.
Metcalf and the Association contended in their joint summary-judgment motion that, assuming arson was the cause of the fire, the arson would have been a criminal act of a third party and they, therefore, cannot be held liable under a theory of premises liability. We disagree. "It is the general rule in Alabama that absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third party." Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1370 (Ala.1986). "Special circumstances" arise when the defendant "knew or had reason to know of a probability of conduct by [a third person] that would endanger the plaintiff." Saccuzzo v. Krystal Co., 646 So.2d 595, 596 (Ala.1994), quoting Nail v. Jefferson County Truck Growers Ass'n, Inc., 542 So.2d 1208, 1211 (Ala.1988). Knowledge on the part of a premises owner or manager of a probability that harm will be caused to a person on the premises, by the action of a third party, can create a duty on the part of the owner or manager to take reasonable precautions. Ortell v. Spencer Companies, Inc., 477 So.2d 299 (Ala.1985). However, while prior incidents of criminal conduct can indicate the premises owner or manager had notice that someone on the premises could be harmed by the criminal act of a third person, proof of prior criminal acts does not conclusively establish such notice. Saccuzzo, 646 So.2d at 596, citing Williams v. First Alabama Bank, 545 So.2d at 27 (Ala.1989).
In Henley v. Pizitz Realty Co., 456 So.2d 272 (Ala.1984), this Court considered a case in which an invitee was abducted from a parking deck and was taken off the premises and raped. The assaulted invitee sued the premises owner; this Court affirmed a summary judgment for the defendant premises owner, concluding that the plaintiff had presented no "evidence that the defendant [premises owner] either knew or should have known of a likelihood of conduct on the part of a third person such as [the rapist] which would endanger the invitee." Id. at 277. This Court has rarely held that the danger to an invitee posed by the potential criminal act of a third person was so imminent that the premises owner should have foreseen the *1275 eventual consequence. Saccuzzo, 646 So.2d at 596. See, also, Ex parte McRae's of Alabama, Inc., 703 So.2d 351 (Ala.1997); Ortell v. Spencer Companies, Inc., supra; CIE Service Corp. v. Smith, 460 So.2d 1244 (Ala.1984). Thus, these cases present a question of foreseeability. However, for a fact-finder to find foreseeability, an invitee-plaintiff is not required to prove "that the particular consequence should have been anticipated, but rather that some general harm or consequence could have been anticipated." Thetford v. City of Clanton, 605 So.2d 835, 840 (Ala.1992).
Metcalf and the Association argue that the fatal fire was not foreseeable. However, this argument is contradicted by evidence of the significant steps the Association had taken in its attempts to protect the residents from the danger of future fires. The evidence in the record indicates that the Association had held educational meetings, had installed new fire equipment, and had added additional security devices. It had decided to install surveillance cameras not only near the trash chutes, where the previous fires had occurred, but in the lobby area as well. These cameras were being installed, but were not operational, at the time of the fatal fire.
In the cases where this Court has held a defendant subject to liability under a theory of premises liability for the criminal acts of a third party, the identity of the third party was known to the defendant. See Nail v. Jefferson County Truck Growers Ass'n, Inc., supra (involving two sets of feuding tenants, their identities known to defendant); Thetford v. City of Clanton, supra (innkeeper warned by wife that husband should not be told of her presence on innkeeper's property); and Young v. Huntsville Hospital, 595 So.2d 1386 (Ala. 1992) (anesthetized patient sexually assaulted by a person who had been seen wandering around the hospital on prior occasions). In this case, while the identity of the arsonist is not known, the number of suspects had been narrowed to two. Metcalf and the Association argue that one could only speculate as to which of the two persons was the culprit, and that the trial court, therefore, properly entered their summary judgments. However, that argument glosses over the question whether the steps taken by Metcalf and the Association to investigate and to identify and remove the wrongdoer, so as to end a 13-month-long series of arson fires, were reasonable under the circumstances. In this respect, this case is distinguishable from cases such as Saccuzzo v. Krystal, supra; Ex parte McRae's of Alabama, Inc., supra; and Ortell v. Spencer Companies, supra. In those cases, the element of foreseeability was lacking, as a matter of law, notwithstanding the fact that in each of those cases the evidence indicated numerous prior criminal incidents on or around the defendant's premises; in each of those cases, the defendant had no evidence suggesting the identity of the third person committing the criminal acts and the plaintiff made no claim that the defendant had not used due diligence in attempting to identify that person.
We do not suggest that Mrs. Hail is entitled to a judgment against Metcalf and the Association; we merely reverse the summary judgments in their favor, because the evidence presents a jury question on the issue of foreseeability. At trial, Metcalf and the Association can offer evidence indicating that, given all the circumstances, they could not reasonably have foreseen the fire that killed Mr. Hail. Alternatively, if the foreseeability question is determined in Mrs. Hail's favor, Metcalf and/or the Association can still prove that they did not breach their duty to Mr. Hail, by showing that the precautionary *1276 steps they took were reasonable in the face of the foreseeable harm. As previously noted, if a criminal attack upon an invitee by a third person is reasonably foreseeable to the premises owner, the law imposes on the premises owner a duty to take reasonable precautions to protect against it. Ortell, 477 So.2d at 299. Metcalf, and especially the Association, presented formidable evidence indicating that they took reasonable steps to prevent fires, such as the one that killed Mr. Hail, and they also make a persuasive argument that it was reasonable for them not to dismiss the maintenance man in the situation where he was one of two potential suspects.
Therefore, we reverse the summary judgments in favor of Metcalf and the Association.

II. Bagby's Summary Judgment
In her claim against Bagby, Mrs. Hail contends that at least one of the two elevators in the building was defective and that the defect caused it to deliver Mr. Hail to a floor that was filled with smoke and fire. The "recall feature" on these elevators was designed to prevent them from opening on a floor containing smoke or fire. On August 18, 1998, Bagby moved for summary judgment. In its summary-judgment motion, Bagby conceded that the elevators worked improperly; that concession focused the Court's attention on only one issue: Whether the plaintiff had presented substantial evidence indicating that Mr. Hail had used one of the elevators to reach the lobby at the time of the fire. Bagby argues that Mrs. Hail presented no evidence indicating that he had been on the elevator, and therefore, that it cannot be held liable for his death. In other words, Bagby asserts that when it made the summary-judgment motion the evidence available to Mrs. Hail regarding the question whether the defect in the elevator caused Mr. Hail's death was the evidence regarding the location where he was found, evidence showing he was found in the lobby near the elevator and that when he was found he was suffering from effects of the fire. Bagby contends that that evidence, without more, would compel the legal conclusion that Mrs. Hail cannot prove one of the elements of her tort claim, causation. Under Ex parte General Motors Corp., 769 So.2d 903, 907 (Ala.1999), that conclusion would shift the burden of proof to the plaintiff.
In order to defeat the summary-judgment motion, the nonmovant, Mrs. Hail, had to direct the court's attention to "`evidence of that essential element [i.e., evidence that was] already in the record [and] that was ignored or overlooked by the movant, or ... submit an affidavit requesting additional time for discovery, in an attempt to obtain some evidence of that essential element ..., in accordance with Rule 56(f).'" Ex parte General Motors, 769 So.2d at 909, quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially).
In its August 18, 1998, summary-judgment motion, Bagby contended that Mrs. Hail could not prove that her husband had used the elevator at the time of the fire and thus could not prove that the defect in the elevator had caused his death. The deadline for submitting materials opposing that summary-judgment motion was September 8, 1998. On that date, Mrs. Hail's attorney submitted his own affidavit, which explained why Mrs. Hail's discovery had been delayed and why he felt further discovery was necessary. Along with this affidavit, Mrs. Hail filed a Rule 56(f) motion, requesting additional time for discovery. Nothing in the record indicates a ruling on this motion, but the court did delay ruling on Bagby's motion for summary judgment until after Mrs. Hail had *1277 presented additional evidence. She offered the affidavit of James Munger, her expert witness on fire investigation, to show that the location of Mr. Hail's body indicated that he had used the elevator at the time of the fire. The trial court struck Munger's affidavit and entered a summary judgment for Bagby on November 12, 1998, without stating a reason.
Because this case involved multiple claims and multiple parties, the summary judgment in favor of Bagby did not, when it was entered, constitute a "final" order. See Rule 54(b). On January 27, 1999, Bagby moved the trial court to make the summary judgment final, pursuant to Rule 54(b). On February 11, 1999, Mrs. Hail filed a second affidavit from Munger, whose testimony she had previously relied upon unsuccessfully to oppose Bagby's motion for summary judgment. This additional affidavit again expressed Munger's expert opinion that Hail had used the elevator. The court, on February 16, 1999, held a hearing on Bagby's motion for entry of an order making its summary judgment final. At that hearing, Mrs. Hail opposed the entry of a final judgment on her claim against Bagby. Bagby asserts that at this hearing the trial court made an oral ruling that made the summary judgment final. On the other hand, Mrs. Hail asserts that at this hearing the trial court extended the time allowed for submitting additional evidence. With neither a formal order issued on February 16, 1999, nor a corroborating notation in the case action summary, we must disregard both allegations. See Rule 58(a). "[T]his Court is limited to a review of the record alone, and the record cannot be changed, altered, or varied on appeal by statements in briefs of counsel." Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990).
On February 23, 1999, one week after the hearing, Mrs. Hail submitted further evidence in opposition to Metcalf and the Association's joint motion for summary judgment, as well as in opposition to Bagby's motion to make its summary judgment final. In addition to Munger's second affidavit, which she had filed on February 11, 1999, Mrs. Hail submitted affidavits from Jeff Whitten and John Waldrop, employees of ADS; they had been on the premises installing security cameras on the day of the fire and had pulled Mr. Hail from the burning building. Mrs. Hail contends that these two affidavits, along with the previously submitted second affidavit of Munger, provide substantial evidence that would support a finding that Mr. Hail, shortly before he was found at the time of the fire, had been brought to the lobby by the elevator. On March 1, 1999, after these three affidavits had been filed, the trial court granted Bagby's motion to make the summary judgment final pursuant to Rule 54(b). In its order, the trial court stated:
"Pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure ..., this Court expressly finds that there is no just reason for the delay of entry of final judgment in favor of Bagby Elevator Company, Inc. In making this determination, the Court has taken into consideration several factors. First, this is a claim involving multiple parties and the claims ruled upon and this Court's Order granting defendant, Bagby Elevator Company, Inc.'s Motion for Summary Judgment involve a complete dismissal [sic] of Bagby Elevator Company, Inc., as a defendant in this case. Secondly, as this case is one of a products liability nature and will likely involve extensive discovery and the use of expert witnesses, additional discovery is expected to take place in this lawsuit before the case is completely resolved. As such, the Court finds that it would be unduly burdensome and expensive *1278 for defendant, Bagby Elevator Company, Inc., to continue to participate in additional discovery after entry of this Order. Moreover, the Court finds that if this judgment is not made final, defendant, Bagby Elevator Company, Inc., will be faced with the harsh result of being forced to wait the conclusion of a potentially lengthy discovery period and trial before a final adjudication of the claims against it can be made. Furthermore, the Court also finds that there is a possibility that Bagby Elevator Company, Inc., could be prejudiced by not participating in any additional discovery, in which case all discovery [taking] place from this point [forward] may have to be repeated so that defendant, Bagby Elevator Company, Inc., would have an opportunity to adequately examine any such witnesses, as well as possibly conducting even further discovery. Finally, the Court has also taken into consideration the fact that this judgment was initially entered into over three months ago and to this point, no new evidence has come to light which suggests that judgment in favor of Bagby Elevator Company, Inc., could, for any reason, be overturned."

(Emphasis added).
In its March 1, 1999, order, the trial court failed to mention the three recently filed affidavits. On March 24, 1999, after Bagby's summary judgment had been made final, the trial court struck the three affidavits and entered summary judgments in favor of Metcalf and the Association.
The record does not indicate the court's reason for striking the additional affidavits. Bagby's brief in opposition to the affidavits asserts that they came too late, under the general rule that a trial court's review of a previously granted summary-judgment motion is limited to the evidence that was before it when it ruled on the motion. See Moore v. Glover, 501 So.2d 1187 (Ala.1986). However, Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [is not final and] is subject to revision at any time before the entry of [a] judgment adjudicating all the claims and the rights and liabilities of all the parties." See Miller v. Santiago, 642 So.2d 446, 447 (Ala.1994). Thus, on February 23, 1999, when Mrs. Hail submitted the three affidavits, Bagby's summary judgment was still interlocutory and subject to revision. Rule 54(b); see Simmons Machinery Co. v. M & M Brokerage, Inc., 409 So.2d 743, 759 (Ala.1981). The factors a court is to consider on the question whether to revise an interlocutory summary judgment are analogous to those it is to consider when a party attempts to offer new evidence in support of a motion under Rule 59(e). Thomas v. Swindle, 676 So.2d 333, 335 (Ala.Civ.App.1996). Evidence submitted in an effort to revise an interlocutory summary judgment can be considered by the court if the nonmovant can offer a proper explanation for its failure to submit the evidence earlier, in response to the motion for summary judgment. Id., at 335, citing Moore v. Glover, 501 So.2d at 1189.
We have not previously had an occasion to determine whether a trial court abuses its discretion either by granting or by denying a "reconsideration" of an interlocutory summary judgment. In Xerox Corp. v. Genmoora Corp., 888 F.2d 345, 356 (5th Cir.1989), the United States Court of Appeals for the Fifth Circuit held that, in light of newly submitted evidence, the trial court had abused its discretion by refusing to reconsider a summary judgment that had not become final. The Fifth Circuit held:

*1279 "Because these documents reflect the existence of genuine issues of material fact, the trial judge knew positively at that time that his earlier grant of summary judgment could no longer be justified. He could not turn his back on such an overwhelming showing. He was obliged to reconsider and rescind the interlocutory summary judgment order. Failure to do so constituted an abuse of discretion."
Id. at 356. On the other hand, in Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1414 (5th Cir.1993), the trial court's failure to reconsider an interlocutory summary judgment was upheld, where the nonmovant had submitted certain evidence, for the first time, two weeks after the interlocutory summary judgment had been entered, and submitted it without an explanation as to why it had not been submitted earlier.
The trial court's order of March 1, 1999, states that "no new evidence has come to light which suggests that judgment in favor of Bagby Elevator Company, Inc., could, for any reason, be overturned." We cannot determine whether the trial court, when it made this statement, was disregarding the three affidavits; whether it had considered the affidavits and found them insufficient; or whether the court determined that the plaintiff did not offer adequate justification for their delayed submission. Without a clarifying order from the trial court, we cannot affirm Bagby's summary judgment. We therefore remand this case with instructions for the trial court either to consider the affidavits of Whitten, Waldrop and Munger, if it did not do so before entering its order of March 1, 1999; or, if it did consider them, to enter an order specifically indicating why it did not accept them as justifying an order setting aside the interlocutory summary judgment for Bagby. If, upon considering them, the court determines that they create a genuine issue of material fact, then, in regard to the fact of their delayed submission, the court is to consider that fact in light of the circumstances as they existed when the plaintiff first submitted these affidavits. In fairness to Bagby, the trial court should not consider any other newly submitted evidence in opposition to Bagby's summary-judgment motion.
The trial court shall, within 60 days from the date of this opinion, make a return to this Court indicating its action in regard to these instructions.

III. Conclusion
The judgments in favor of the defendants Metcalf and the Association are reversed. The cause is remanded for further proceedings on the claims against those defendants, consistent with this opinion, and, in regard to the defendant Bagby, for compliance with the instructions stated herein.
REVERSED IN PART; REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and MADDOX, COOK, LYONS, BROWN, and ENGLAND, JJ., concur.
SEE, J., concurs specially.
HOUSTON and JOHNSTONE, JJ., concur in part and dissent in part.
SEE, Justice (concurring specially).
I concur. I write to distinguish this case from the long line of cases recognizing the general rule that "a person has no duty to protect another from criminal acts of a third person." Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1370 (Ala. 1986).
In Finley v. Patterson, 705 So.2d 826, 828 (Ala.1997), I explained that there are two exceptions to this general rule: (1) the *1280 "special-relationship" exception; and (2) the "special-circumstances" exception. The special-relationship exception is drawn from the Restatement (Second) of Torts (1965) § 315, which states:
"There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
"(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
"(b) a special relation exists between the actor and the other which gives to the other a right to protection."
(As quoted in Finley, 705 So.2d at 828.) The special-circumstances exception "arises only in the rare case when the person `know[s] or [has] reason to know that acts are occurring or [are] about to occur on the premises that pose imminent probability of harm to an invitee.'" Finley, 705 So.2d at 829 (quoting Nail v. Jefferson County Truck Growers Ass'n, Inc., 542 So.2d 1208, 1211 (Ala.1988)). Knowledge on the part of the defendant that there is a probability of harm to the plaintiff caused by a third party will create a duty to take reasonable precautions. See Ortell v. Spencer Companies, Inc., 477 So.2d 299, 299 (Ala.1985).
The majority opinion notes that rarely has this Court held that the danger was so imminent that the defendant should have foreseen the eventual consequences. 782 So.2d at 1274-75. See Henley v. Pizitz Realty Co., 456 So.2d 272, 277 (Ala.1984) (summary judgment for the defendant was proper because the abduction of the plaintiff in the defendant's parking lot, and her subsequent rape, were not reasonably foreseeable by the defendant, even though the defendant was aware that in the 10-year period preceding the rape the following crimes had occurred in its parking lot: "one battery upon an owner of a car; six breakings and enterings of cars; two robberies;... six thefts; and one theft in which the thief was shot by a customer"[1]); Saccuzzo v. Krystal Co., 646 So.2d 595, 597 (Ala.1994) (summary judgment in favor of restaurant owner was proper because the owner had no duty to protect a shooting victim from the criminal acts of a third person, even though the police had been called to the restaurant more than 160 times in the 18 months preceding the shooting).
This case is distinguishable from cases such as Henley and Saccuzzo. In this case, although the number of fires was relatively small, the possible suspects had been narrowed to two particular persons, one of whom was an employee of Metcalf Realty Company. Thus, while the number of fires alone would not be sufficient to give rise to a duty on the part of Regency Terrace Owners Association to take precautions against another arson, the fact that those fires had occurred, coupled with the fact that the fires had been similar and the fact that the range of suspects was so narrow, would be sufficient to give rise to a duty on the part of the Association and Metcalf Realty, its manager, to protect the tenants, and, thus, to bring this case within the special-circumstances exception to the general rule.
HOUSTON, Justice (concurring in part and dissenting in part).
I concur in the main opinion insofar as it relates to the summary judgment for Bagby *1281 Elevator Company. However, I dissent from the reversal of the summary judgments for Regency Terrace Owners Association and Metcalf Realty Company, Inc.
Mrs. Hail sued the Association and Metcalf under a premises-liability theory, arguing that they were liable for her husband's death, which occurred as a result of arson on their property. These defendants sought a summary judgment, contending that because the fire was the criminal act of a third party they cannot be held liable under a theory of premises liability. I agree with their argument. "It is the general rule in Alabama that absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person." Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1370 (Ala.1986). See Ex parte McRae's of Alabama Inc., 703 So.2d 351 (Ala.1997); C.A. v. Wal-Mart, Inc., 683 So.2d 413 (Ala.1996); Baptist Memorial Hosp. v. Gosa, 686 So.2d 1147 (Ala.1996); Broadus v. Chevron USA, Inc., 677 So.2d 199 (Ala.1996); Habich v. Crown Cent. Petroleum Corp., 642 So.2d 699 (Ala.1994); Dailey v. Housing Auth. for the Birmingham Dist., 639 So.2d 1343 (Ala.1994); E.H. v. Overlook Mountain Lodge, 638 So.2d 781 (Ala.1994); W.L.O. v. Smith, 585 So.2d 22 (Ala.1991); Webster v. Church's Fried Chicken, Inc., 575 So.2d 1108 (Ala.1991); Douglas v. McDonald's Corp., 565 So.2d 137 (Ala.1990); Morton v. Prescott, 564 So.2d 913 (Ala.1990); Bailey v. Bruno's, Inc., 561 So.2d 509 (Ala.1990); Williams v. First Alabama Bank, 545 So.2d 26 (Ala. 1989); Nail v. Jefferson County Truck Growers Ass'n, Inc., 542 So.2d 1208 (Ala. 1988); O.H. v. Ballard Realty Co., 516 So.2d 519 (Ala.1987); Childers v. Winn-Dixie Stores, Inc., 514 So.2d 879 (Ala. 1987); Frazier v. Laborers Int'l Union of N. America, Local No. 559, 502 So.2d 743 (Ala.1987); Petrella v. Peddler's Motor Inn Best Western, 488 So.2d 497 (Ala. 1986); Simpson v. Wolf Ridge Corp., 486 So.2d 418 (Ala.1986); Law v. Omelette Shop, Inc., 481 So.2d 370 (Ala.1985); Ortell v. Spencer Cos., 477 So.2d 299 (Ala.1985); Henley v. Pizitz Realty Co., 456 So.2d 272 (Ala.1984); Stripling v. Armbrester, 451 So.2d 789 (Ala.1984); Latham v. Aronov Realty Co., 435 So.2d 209 (Ala.1983); Berdeaux v. City National Bank of Birmingham, 424 So.2d 594 (Ala.1982); Gaskin v. Republic Steel Corp., 420 So.2d 37 (Ala. 1982); and Parham v. Taylor, 402 So.2d 884 (Ala.1981).
"`Special circumstances' exist only when the defendant `knew or had reason to know of a probability of conduct by third persons that would endanger the plaintiff.'" Saccuzzo v. Krystal Co., 646 So.2d 595, 596 (Ala.1994), quoting Nail, 542 So.2d at 1211. Knowledge on the part of the defendant that there is a probability of harm to the plaintiff caused by a third party will create a duty to take reasonable precautions. Henley, 456 So.2d at 277, cited in Ortell, 477 So.2d at 299. However, while prior criminal incidents occurring on a premises can indicate such knowledge on the part of the premises owner, they are not conclusive on the question of knowledge. Saccuzzo, 646 So.2d at 596, citing Williams, 545 So.2d at 27. This Court has asked the following question in these cases: Does the evidence suggest that the defendant knew, or had reason to know, that actions of a third party on the defendant's premises posed an "`imminent probability of harm'" to the plaintiff? Henley, 456 So.2d at 277, quoting Stripling, 451 So.2d 789. This question is really one of foreseeability.
This Court has rarely held that the danger was so imminent that the defendant should have foreseen the eventual consequence. Saccuzzo, 646 So.2d at 596; see Ex parte McRae's, 703 So.2d at 352; Ortell, 477 So.2d at 299; CIE Service Corp. v. *1282 Smith, 460 So.2d 1244, 1247 (Ala.1984). Because of this extremely high standard, for the evidence to support the imposition of liability it must indicate that the harm to the plaintiff was impending and was plainly evident to the defendant.
Mrs. Hail argues that because 8 to 13 fires had occurred in the building in the previous 13 months and because the maintenance man was suspected of setting the fires, the Association should have known of the potential harm and should have dismissed him. She argues that dismissing him would have been a reasonable step for the Association to take. That step, she says, would have prevented the fire that caused Mr. Hail's death. These 8 to 13 previous fires were all smaller fires and were all located in a trash chute, and no one, not even the maintenance man, was ever charged with starting them. The Association did take steps to try to protect the residents, by holding educational meetings and installing fire-safety equipment, but the record contains no evidence indicating that the Association had, or should have had, any knowledge that the fatal fire was imminent or even probable. Nor is there any evidence, only speculation, that the maintenance man started any fire, including the one that caused Mr. Hail's death. This evidence simply does not rise to the high standard required by Alabama law for holding the Association and Metcalf Realty Company liable for the criminal acts of a third party.
The trial court correctly entered the summary judgments for Regency Terrace Owners Association and Metcalf Realty Company.
JOHNSTONE, Justice (concurring in part and dissenting in part).
I respectfully dissent from the holding in the discussion of Bagby's summary judgment that Mrs. Hail, the nonmoving party, bore the initial evidentiary burden in accordance with the new rule promulgated by Ex parte General Motors Corp., 769 So.2d 903 (Ala.1999). I dissent in this regard for the same reasons expressed in my dissent in Ex parte General Motors. Thus, while I agree that Bagby's summary judgment should be reversed, I do not agree that Mrs. Hail should again be put to her proof in opposition to Bagby's motion inasmuch as Bagby has offered no evidence that Mr. Hail was not on the defective elevator. I concur in the other holdings in the main opinion.

On Return to Remand
PER CURIAM.
The plaintiff, Barbara B. Hail, as executrix of the estate of Jack Lee Hail, deceased, appealed from summary judgments entered in favor of the defendants Regency Terrace Owners Association (the "Association"), Metcalf Realty Company, Inc. ("Metcalf"); and Bagby Elevator Company, Inc. ("Bagby"). Mrs. Hail had filed a wrongful-death action against those defendants and other defendants who are not parties to this appeal.
This Court, on December 22, 1999, issued an opinion reversing the summary judgments in favor of the Association and Metcalf because we concluded that Mrs. Hail had submitted sufficient evidence to create a jury question on the issue of foreseeability. In addition, we remanded the cause, with instructions for the trial court
"either to consider the affidavits of Whitten, Waldrop and Munger, if it did not do so before entering its order of March 1, 1999; or, if it did consider them, to enter an order specifically indicating why it did not accept them as justifying an order setting aside the interlocutory *1283 summary judgment for Bagby."
782 So.2d at 1279.
Pursuant to our instructions, the trial court made its return to this Court on February 15, 2000. The court entered an order in which it stated that it did not consider the affidavits of Whitten, Waldrop, and Munger before it entered its order of March 1, 1999, because, it said, the affidavits were not timely filed and Mrs. Hail offered no justification for their untimeliness. However, the court said, after Mrs. Hail filed, on March 31, 1999, a motion asking the court to reconsider the summary judgment it had entered in favor of Bagby, it did consider those affidavits, and upon considering them determined that they did not present evidence sufficient to defeat Bagby's motion for a summary judgment. The only issue now before us on the return to our remand is whether the trial court properly entered the summary judgment in favor of Bagby.
As to the timeliness of the affidavits, the trial court stated that when it entered the summary judgment in favor of Bagby on November 12, 1998, Mrs. Hail had offered no evidence to refute Bagby's motion. On January 27, 1999, Bagby filed its morion asking the trial court to make the interlocutory summary judgment final pursuant to Rule 54(b), Ala.R.Civ.P. The court said that it held a hearing on that morion on February 16, 1999, and that as of the time of the hearing Mrs. Hail still had filed no evidentiary material in opposition to Bagby's summary-judgment motion. It was not until February 19 and 23, 1999, that Mrs. Hail filed the affidavits of Whitten, Waldrop, and Munger. Those affidavits were not accompanied by any motion to alter or amend the summary judgment or any other motion directing the trial court's attention to them. The trial court stated that those affidavits "were simply not timely filed" and that when it entered its order making the summary judgment final it was relying on the materials that were before it when it heard the motion.
As to the affidavits themselves, the trial court discussed how each related to Mrs. Hail's claims against Bagby. The trial court determined that much of Whitten's affidavit was based on speculation, conjecture, and hearsay, and that those portions of the affidavit that were based on actual knowledge were insufficient to defeat Bagby's motion for summary judgment. Waldrop's affidavit was similar, the trial court said, and also was insufficient to defeat Bagby's motion. The trial court determined that Munger's affidavit was not based on personal knowledge or even on eyewitness accounts of the events pertinent to this case, that the affidavit assumed facts that were not supported by any of the evidence then before the court, and that this affidavit, as well, was insufficient to defeat Bagby's motion.
The trial court concluded:
"Since it is the opinion of the court that the affidavits of Whitten, Waldrop and Munger were not timely filed and that the Plaintiff offered no justification whatsoever for the delay in filing them, and even if considered do not raise an issue of fact sufficient to defeat Bagby's motion for summary judgment, it is the opinion of the Court that Bagby's motion for summary judgment was properly granted, that it was properly made final pursuant to Rule 54(b), that the affidavits of Whitten, Waldrop and Munger are due to be stricken from the record pursuant to the Defendant's motion and that the motion to reconsider filed by the Plaintiff on March 31, 1999, was properly denied."
*1284 After reviewing the trial court's February 15, 2000, order on remand, we conclude that that trial court did not abuse its discretion in striking the affidavits of Whitten, Waldrop, and Munger. Johnson v. Allstate Ins. Co., 505 So.2d 362 (Ala. 1987) (in the absence of a showing of excusable neglect, the trial court does not abuse its discretion by refusing to accept out-of-time affidavits submitted in connection with a motion for summary judgment).
SUMMARY JUDGMENT IN FAVOR OF BAGBY ELEVATOR COMPANY AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, LYONS, BROWN, and ENGLAND, JJ., concur.
NOTES
[1] The crimes mentioned in Henley had actually occurred during a 10-year period ending 25 days after the rape. The Henley opinion does not indicate whether any of the crimes mentioned had occurred after the rape, but the effect of the listing is that the Henley court was apparently willing to assume that all of those crimes had occurred before the rape.