MURDOCK, Judge,
dissenting.
The majority states that a motion to compel arbitration is analogous to a summary-judgment motion. With respect to the initial evidentiary burden of the mov-ant and, assuming the movant satisfies that burden, the subsequent shifting of the evidentiary burden to the nonmovant, this analogy is supported by our caselaw. See, e.g., Aronov Realty Brokerage, Inc. v. Morris, 838 So.2d 348 (Ala.2002) (plurality opinion).
The majority, however, attempts to extend the analogy by meshing with the foregoing evidentiary-burden principles separate and different principles pertaining to what evidence tidal and appellate courts may consider in evaluating a summary-judgment motion. Those separate principles were stated by the Alabama Supreme Court in Prudential Insurance Co. of America v. Coleman, 428 So.2d 593 (Ala.1983), a case cited by the majority, as follows:
“In determining the propriety of summary judgment, ... we are limited in our review to the same factors' considered by the trial court when it initially ruled on the motion, Ex parte Bagby Elevator & Electric Co., Inc., 383 So.2d 173 (Ala.1980), and on such a motion the trial court can consider only the material which is before it at the time of submission of the motion. Stallings v. Angelica Uniform Co., 388 So.2d 942 (Ala.1980).”
428 So.2d at 598. While these principles are well established with regard to a summary-judgment motion, see, e.g., Ex parte Organized Community Action Program, Inc., 852 So.2d 92 (Ala.2002) (quoting Bean *561 v. State Fam Fire & Casualty Co., 591 So.2d 17, 20 (Ala.1991)), the parties have cited us to no case in which these separate principles have been applied to a motion to compel arbitration.
Assuming for the sake of discussion, however, that these separate principles are to be applied to a motion to compel arbitration, I do not believe these principles operate in the present ease so as to foreclose the trial court’s consideration of the affidavits filed by Washington Mutual Finance, LLC (“WMF”) following the trial court’s initial denial of its motion to compel arbitration.
Even as to a motion for a summary judgment, although a trial court may consider only the evidence that is before it at the time established by the trial court for submission of the motion and an appellate court’s evaluation of the trial court’s ruling on such a motion must be conducted on the basis of the same evidence the trial court had before it at the time of its ruling, this does not mean that a trial court may not reconsider its ruling, particularly a ruling denying a motion for a summary judgment.[1] Such an order is interlocutory and, accordingly, our Supreme Court has held that it may be reconsidered by the trial court at any time before trial:
“We recognize that, in some jurisdictions, denial of a motion for summary judgment becomes the law of the case, and bars rehearing of a- subsequent motion for summary judgment unless new grounds are asserted or new proof offered .... We are of the opinion, however, that Illinois provides the better rule; a court may reconsider its ruling on a motion for summary judgment and may correct an erroneous ruling at any time before final judgment ...
“This rule is eminently fairer_De-nial of a motion for summary judgment by the presiding judge, hearing the motion under Rule 78, amounts to a denial of a final determination on the existence vel non of a genuine issue of material fact, leaving that determination to the trial judge before whom the case is set for trial. The number of times a subsequent motion for summary judgment ivill be allowed rests within the sound discretion of the judge before whom the case is to be tried.”
Food Serv. Distribs., Inc. v. Barber, 429 So.2d 1025, 1027 (Ala.1983) (emphasis added). Even evidence submitted by a non-movant in an effort to obtain a revision of an order granting a motion for a summary judgment that is interlocutory in nature because it does not constitute a complete adjudication of all claims as to all parties, see Rule 54(b), Ala. R. Civ. P.,[2] “can be considered by the court if the nonmovant can offer a proper explanation for its failure to submit the evidence earlier.” Hail *562 v. Regency Terrace Owners Ass’n, 782 So.2d 1271, 1278 (Ala.1999).
Like an order denying a motion for a summary judgment, a trial court’s denial of a motion to compel arbitration is interlocutory. Therefore, I see no reason why it should, not be within the trial court’s discretion whether to allow such a motion to be reconsidered or renewed.[3] In the present case, the circumstances that presented themselves were such that, in my view, the trial court abused that discretion in not allowing its order as to arbitration to be reconsidered.
In this case, WMF attached to its motion to compel arbitration the alternative-dispute-resolution agreement (the “arbitration agreement”) between it and Steele. Among the assertions contained in ' this agreement was a clause that stated, in part: “Lender and Borrower acknowledge and agree that the Loan Agreement involves ‘commerce’ as defined in the United States Arbitration Act.” The majority cites three cases for the proposition that such general recitations in an arbitration clause do not “meet a proponent’s burden of showing that a transaction did in fact substantially affect interstate commerce.” 866 So.2d at 558. See also Aronov Realty Brokerage, Inc., 838 So.2d 359 (“[A]s to Aronov’s motion to compel arbitration, we are left with: (1) the assertions of interstate impact contained within it, but which have no evidentiary significance and which cannot by themselves satisfy Aronov’s burden, to show a substantial effect on interstate commerce; and (2) the materials referenced in, and attached to, the notice of filing, excluding the apparently omitted Ross affidavit.” 838 So.2d at 355. The pertinent part of the arbitration agreement stated that “ ‘[t]he parties agree that the property sold has been ■ involved in, and necessarily involves, interstate commerce.’ ” 838 So.2d at 351 (emphasis added)); Green Tree Fin. Corp. v. Lewis, 813 So.2d 820, 823 (Ala.2001) (“Green Tree contends that the sentence in the arbitration provision stating that ‘[t]his arbitration contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. § 1,’ supports its contention that the Lewises’ claims should be arbitrated. However, that statement would not support an order applying the [Federal Arbitration Act] absent a showing that the transaction out of which the arbitration agreement arose had the requisite substantial effect on interstate commerce. This is so because, without such a showing, that statement in the arbitration agreement would violate the public policy of Alabama as set forth in § 8-4-41(3), Ala. Code 1975, where the Legislature has declared that arbitration agreements are not subject to specific performance.” (emphasis added)); Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 872 (Ala.1999) (“No evidence whatsoever tends to prove the physical reality of any involvement of or effect on interstate commerce, much less any substantial effect on interstate commerce or the generation of goods or services therein. Rogers relies entirely on the recitation in the arbitration section of the contract that, ‘It is acknowledged by Owner and Contractor that the work performed pursuant to this Contract involves or affects interstate commerce.’ This reci *563 tation does not prove that the acknowledged involvement of or effect on interstate commerce is substantial. Because Rogers drafted the contract, it will be construed strictly against Rogers.” (third emphasis added)).
As indicated by the parenthetical explanations following each of the above-cited eases, the court in each of those cases explained that the conclusory allegation that a transaction has an effect on interstate commerce, without evidentiary support for such a statement, is an insufficient basis upon which to compel arbitration.
In contrast to the arbitration agreements in the three cases relied upon by the majority, the arbitration agreement in the instant case includes assertions of specific facts that, if true, would be probative of the issue whether the parties’ transaction had an effect on interstate commerce. Specifically, the arbitration agreement contains provisions stating that “[t]he parties anticipate that the funding to make Borrower’s loan pursuant to the Loan Agreement will come from sources outside the State of Alabama” and that “Lender’s credit forms and related documents are printed and data processing for Borrower’s loan is performed outside the State of Alabama.” It was undisputed that Steele signed the arbitration agreement; Steele offered no evidence to controvert the assertions contained in that agreement. Under our Rules of Evidence, such statements constitute admissions by Steele that, unlike the conclusory assertions in Aronov Realty Brokerage, Inc., Rogers Foundation Repair, Inc., and Green Tree Financial Corp., do have evidentiary significance. See Rule 801(d)(2), Ala. R. Evid.
Furthermore, no issue as to the sufficiency of the impact of the transaction on interstate commerce was raised at the hearing on the motion to compel arbitration. Instead, the trial court sua sponte raised this issue for the first time in ruling on that motion. Upon receiving the court’s order denying arbitration, WMF promptly responded with a Rule 60(b)(2) motion and the submission of affidavits that corroborated and added to the assertions contained in the arbitration agreement. One of those affidavits contained testimony from an accounting manager for WMF that corroborated the admission in the arbitration agreement as to the “anticipated” source of funds for Steele’s loan. Among other things, the accounting manager’s affidavit explained that the loan proceeds paid to Steele, as well as the loan proceeds paid to borrowers in Alabama in connection with similar loans, come from bank accounts outside the State of Alabama.[4] Likewise, the other statement from the arbitration agreement with evi-dentiary significance (relating to the processing of Steele’s loan from outside of Alabama) was corroborated by the affidavit of a branch manager for WMF, who testified that part of the processing of loans such as and including Steele’s is handled by a “customer care center” operated by WMF in Florida.[5]
*564 Under the circumstances presented, I believe the trial court erred in not considering both the admissions in the arbitration agreement that detailed the underlying transaction’s actual and intended effect on interstate commerce and the affidavits submitted to the trial court following its initial ruling. I therefore respectfully dissent.

. Unlike an order denying a motion for a summary judgment, an order granting a motion for a summary judgment as to all claims and all parties constitutes a final judgment. See Rule 54(b), Ala. R. Civ. P. It therefore cannot be reconsidered except to the extent and under the time restrictions allowed by law, including those imposed by Rule 59(b) and (e) and Rule 60, Ala. R. Civ. P. Under Rrde 60(b)(2), relief from a final judgment on the basis of “newly discovered evidence” is limited to "evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).” The present case, however, involves a denial of a motion to compel arbitration, which, like a denial of a motion for summary judgment, is an interlocutory order.

. Under Rule 54(b), except where the court directs the entry of a final judgment as to less than all of the claims or parties involved, such a judgment generally "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”

. Of course, any effort to seek reconsideration of a motion to compel arbitration could not be successful if, in the mean time, there has been a waiver by the movant of its right to arbitrate because it has "substantially invoke[d] the litigation process and [has] thereby substantially prejudice[d] the party opposing arbitration.” See Voyager Life Ins. Co. v. Hughes, 841 So.2d 1216, 1219 (Ala.2001) (quoting Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala.1995)).

. See generally Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (holding that for an arbitration clause to be enforceable under the Federal Arbitration Act the transaction to which the contract relates must turn out, in fact, to involve interstate commerce, regardless of the contemplation of the parties).

. The branch manager also testified that, ultimately, payments made by borrowers to the lender in Alabama moved out of state. Compare American General Finance, Inc. v. Branch, 793 So.2d 738 (Ala.2000) (noting that the lender’s parent corporation was a foreign corporation with its headquarters outside Alabama, that loan proceeds came from outside Alabama, and that, ultimately, payments made by borrowers to the lender in Alabama *564 moved out of the state) with Sisters of the Visitation v. Cochran Plastering Co., 775 So.2d 759 (Ala.2000). In addition, collection calls made from the Florida customer care center constitute the basis for Steele’s counterclaim in the present case.